UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. No. 04-30177-KPN

JOEL PENTLARGE,

    Plaintiff,

vs.

ROBERT MURPHY,
KATHLEEN DENNEHY,
THE MASSACHUSETTS DEPARTMENT OF CORRECTION,
NATAYLIA PUSHKINA, AND
DEBORAH O'DONNELL,

    Defendants.

## AMENDED COMPLAINT

95. The plaintiff re-alledges and incorporates all of the allegations contained in the 94 paragraph of the original complaint filed in this action.

### ADDITIONAL PARTIES

96. The defendant Nataylia Pushkina is a natural person, who is the librarian for the inmate library at the Nemansket Correctional Center, 30 Administration Road, Bridgewater, Plymouth County Massachusetts. Ms. Pushkina is sued in both her individual and official capacities.

97. The defendant Deborah O'Donnell is a natural person, who is the Director of Rehabilitation for the Nemansket Correctional Center, 30 Administration Road, Bridgewater, Plymouth County, Massachusetts. As Director of Rehabilitation, Ms. O'Donnell is the immediate supervisor of the librarian Nataylia Pushkina. Ms. O'Donnell is sued in both her individual and official capacities.

98. At all times releveant to this action the defendants Puskina and O'Donnell were acting under color of law.

STATEMENT OF ADDITIONAL FACTS

99. On September 17, 2004 the plaintiff prepared a "Notice of Lawsuit and Request for Waiver of Service of Summons" to be mailed to the original three defendants in this action, as explicitly provided for by Rule 4 of the Federal Rules of Civil Procedure. The plaintiff prepared this form by "cutting and pasting" a copy of the form which the plaintiff had used in prior federal litigation and pasting over the names of the defendants and the docket number and date, and typing in the names of the three original defenants in this action, the docket number and the current date.

100. On September 17, 2004 the plaintiff brought the "Notice of Lawsuit" form which he had prepared to the library at the Nemansket Correctional Center to make the copies for each of the defendants, and submitted the form to the defendant Pushkina to authorize the copies.

101. The defendant Pushkina took the "Notice of Lawsuit" form to the defendant O'Connell to determine whether copies of it would be authorized.

102. The defendant Pushkina returned "Notice of Lawsuit" form to the plaintiff. Part of the "pasted over" area where the defendants' names are listed in the caption of the case had been peeled off making the names of the defendants incorrect and obliterated.

103. The defendant Pushkina reported to the plaintiff that after consulting with the defendant O'Donnell a copy of the "Notice of Lawsuit" could not be made because it was an "altered legal document."

104. Attached a Exhibit B is a copy of the "Notice of Lawsuit" in the condition in which it was returned to the plaintiff by the defendants Pushkina and O'Donnell.

105. On or about September 7, 2004, immediately prior to filing this action the plaintiff presented the original complaint in this action for photocopying to the defendants Pushkina and O'Donnell. The plaintiff requested copies of the complaint for the original defendants, several attorneys and reporters for the Boston Globe, the Springfield Republican and the Ware River News. Attached as Exhibit C is a copy of the plaintiff's letter to this court filing the complaint in this action and "ccing" the reporters. The defendants Puskina and O'Donnell refused to make copies of the complaint for the reporters.

107. On September 2, 2004 the plaintiff wrote to the defendant Superintendent requesting to be allowed to telephone the plaintiff's brother who at that time had been in the hospital for three weeks, and who is now comatose with little likelihood of surviving. The plaintiff attached to the letter to the Superentendent a copy of the decision in Young v. Selling, 72 Fed. Appx. 657 (9th Cir. (Wash.)), which deals directly with the right of civil committed persons to telephone access. Although the Nemansket Correctional Center inmate library receives these Federal Appendix decisions they are thrown out. The plaintiff requested that the defendants Pushkina and O'Donnell make a copy of the letter to the Superintendent to send to the plaintiff's attorney, John Swomley. The defendant's Pushkina and O'Donnell refused to make a copy of the Young v. Seling case to send to Attorney Swomley.

108. Attached as Exhibit D is a copy of the letter of
September 2, 2004 including the decision in <u>Young v. Seling</u>. not
which defendant O'Donnell refused to copy on September 20, 2004.

ADDITIONAL CAUSES OF ACTION

109. The actions of the defendants Pushkina and O'Donnell in refusing to make copies that the plaintiff is entitled to under the regulations of the Massachusetts Department of Correction, as well as the defacing and altering of a legal document submitted to them for copying, violates the plaintiff's First Amendment rights of freedom of expression, freedom of the press, and to seek redress of grievances, and the plaintiff's rights under the Fourteenth Amendment to access to the courts, particularly this court. These violations of the plaintiff's rights entitled the plaintiff to damages and injunctive relief under 42 U.S.C. § 1983, together with attorney's fees under 42 U.S.C. § 1988.

ADDITIONAL RELIEF

Wherefore the plaintiff requests that the court grant the following relief in addition to that requested in the original complaint.

1. The court enjoin the defendants Pushkina and O'Donnell preliminarily and permanently from:

(a) altering or defacing any documents submitted to them for copying;

(b) from failing to copy any and all legal documents submitted to them, including but not limited to letters to attorneys with attachments, letters to public officials and copies to the press;

(c) from impeding or interfering with the use of the law library in any way inconsistent with the least restrictive alternative appropriate to the plaintiff, or inconsistent with maximizing

access to the library for the plaintiff and other prisoners.

2.  Award the plaintiff damages for the violation of his civil rights by the defendants Pushkina and O'Donnell including punitive damages as provided by 42 U.S.C. § 1983, together with costs and attorney's fees, as provided by 42 U.S.C. § 1988.

3.  Grant such further relief as justice and equity require.

></>Joel Pentlarge, Plaintiff

Joel Pentlarge, Pro Se
Nemansket Correctional Center
30 Administration Rd.
Bridgewater, MA 02324
Telephone (413) 967-3453

Verification

I, Joel Pentlarge, state under the pains and penalties of perjurty that all of the factual allegations contained in the foregoing Amended Complaint are true.

September 20, 2004

Joel Pentlarge

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOEL PENTLARGE,

    Plaintiff,

vs.

ROBERT MURPHY, KATHLEEN CURRAN,
AND THE MASSACHUSETTS DEPARTMENT OF CORRECTION,
    Defendants.

Civil Action

No. 04-30177-KPN

## NOTICE OF LAWSUIT AND REQUEST
## FOR WAIVER OF SERVICE OF SUMMONS

TO: _____  _____

    _____  _____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Massachusetts and has been assigned docket number 04-30177-KPN.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this 18th day of September, 2004.

                                      _____
                                      Signature of Plaintiff's Attorney or
                                      Unrepresented Plaintiff
                                        Joel Pentlarge, Pro Se

EXHIBIT C

September 8, 2004

Joel Pentlarge
Nemansket Correctional Center
30 Administration Rd.
Bridgewater, MA 02324

John Stuckenbruck, Clerk
United States District Court
1500 Main Street
Springfield, MA

Re: Pentlarge v. Murphy, et al.

Dear John,

    Enclosed please find for filing in the above entitled action the following:

1. the complaint;

2. the civil action cover sheet and category sheet;

3. a check for the filing fee of $150.

    Please note that in King v. Greenblatt, 53 F.Supp.2d 117 the court ruled that actions brought by persons who are civilly committed at the Nemansket Correctional Center, also known as the Massachusetts Treatment Center, are not subject to the requirements of the Prison Litigation Reform Act.

    Will you please issue three summonses.

    Thank you.

Very truly yours,

Joel Pentlarge

cc: Attorney General Thomas Reilly
    Attorney John Swomley
    Attorney William Newman
    Attorney Douglas C. Walker
    Natalya Pushkina, Librarian
    Sean Murphy, Boston Globe
    Fred Contrada, Springfield Republican
    Mark K. McCulloch, Editor, Ware River News

EXHIBIT D

September 2, 2004

Joel Pentlarge
Nemansket Correctional Center
30 Administration Rd.
Bridgewater, MA 02324

Superintendent Robert Murphy
Nemansket Correctional Center
30 Administration Rd.
Bridgewater, MA 02324

Re: Telephone calls to my brother who is in the hospital

Dear Superintendent Murphy:

My brother Daniel Pentlarge was admitted to the Mount Auburn Hospital in Cambridge 3 weeks ago with a fever of unknown origin so severe that he has spent much of his time there in the intensive care unit. As far as I know the cause of the fever still has not been diagnosed. In 1996 my sister Sarah was admitted to the Deaconess Hospital with a fever of unknown origin and died six weeks later without the cause of the fever ever being diagnosed. I certainly hope that my brother's prognosis is better, but until the fever is diagnosed and cured I remain very anxious and would like very much to be able to talk to him on the telephone.

I am enclosing a copy of Young v. Seling, 72 Fed.Appx 657 2003 WL 21920006 (9th Cir. Wash), which makes it very clear that I should be able to make and receive telephone calls to seriously ill relative, as a civilly committed person, and that this is a right which is protected under the First Amendment to the United States Constitution.

Because of the uncertainty of my brother's prognosis I request that you take whatever steps are necessary so that I can call my brother directly at Mt. Auburn Hospital as quickly as possible and in any event before the Labor Day weekend.

Thank you for your attention to this matter.

Very truly yours,

Joel Pentlarge

cc: Attorney John Swomley