UNITED STATES DISTRICT COURT
FOR THE
DISRTICT OF MASSACHUSETTS

C.A. No. 04-30177-KPN

JOEL PENTLARGE,

     Plaintiff,

vs.

ROBERT MURPHY,
KATHLEEN DENNEHY,
THE MASSACHUSETTS DEPARTMENT OF CORRECTION
NATALYA PUSKINA, And
DEBORAH O'DONNELL,

     Defendants.

PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

The plaintiff Joel Pentlarge moves that the court enter a preliminary injunction enjoining the defendants from failing to:

1.  grant the plaintiff an emergency escorted furlough to attend funeral services for his brother to be held at the Wakefield Unitarian Church;

2.  deliver all outgoing mail of the plaintiff to the post office within 24 hours, as provided by 103 CMR 481.08(3), provided that mail has a return address containing the plaintiff's name and the street address, city and state of the institution in which the plaintiff is confined, and regardless of how the plaintiff otherwise characterizes or denominates that institution;

3.  deliver all incoming mail within 24 hours of receipt from the post office, regardless of the number of pages any letter contains and regardless of whether any part of the letter is photocopies or copied in any other way;

2

4.   altering or defacing any documents submitted to the
library for copying;

5.   copy any and all legal documents requested by the plain-
tiff, particularly court pleadings and attachments and exhibits
thereto;

6.   copying letters to attorneys and public officials and
members of the press, including attachments and exhibits thereto;

7.   copying statutes, regulations, and case decisions in
order to maximize access to the materials contained in Nemansket
Correctional Center inmate law library;

8.   remove all restrictions on telephone calls made by the
plaintiff, particularly phone calls to the plaintiff's attorneys,
including the manner in which the plaintiff may pay for those
calls, i.e. allow the plaintiff to charge the cost of phone
calls to his own phone number or use a prepaid calling card;

9.   comply with the minimum standards of fitness for human
habitation by immediately ending the double bunking of the plain-
tiff in a cell with less than 140 square feet of floor area,
and by providing heat as required by 105 CMR 410 et seq. from
September 15 through June 15 of each year;

10. either immediately return the plaintiff to M.C.I. Norfolk
under the same conditions of confinement as the plaintiff was
subject to immediately prior to his transfer from Norfolk, or

a.   provide the plaintiff with 48 hours per week of access
to the law library, including on Saturdays and Sundays,

b.   provide the plaintiff with at least 19 square feet
of storage space for his personal possessions,

c.   provided the plaintiff with a single cell,

d.    provide the plaintiff with with access to the yard
seven days per week from 8:30 A.M. to 11:30 A.M., 1:00 P.M.
to 4:30 P.M. and 6:00 P.M. to sunset,

e.    provide benches and picnic tables in the yard,

f.    provide areas on the grounds for flower and vegetable
gardening by the plaintiff and other prisoners,

g.    allow the plaintiff and other prisoners to shovel all
of the walkways in the yard in the winter,

h.    allow the plaintiff at least an average of 30 hours
per week access to the gym,

i.    allow the plaintiff to bring a walkman to the gym and
to use free weights,

j.    allow the plaintiff to receive visits 7 days per week
for a total of at least 33 hours per week,

k.    allow the plaintiff to go to the visiting room as soon
as his vistors arrive and leave the visiting room when his visit
is concluded,

l.    allow the plaintiff to buy hamburger meat, chicken
halves, whole onions, green peppers, garlic bulbs, oranges,
bannnas, apples, pancake mix, flour, Crisco Oil, olive oil,
and Ben and Jerry's Ice Cream,

m.    allow the plaintiff access to an electric convection
oven, hot plates, electric griddles, woks and casseroles, a
tethered knife, cutting board, pots and pans, and adequate
refrigerator and freezer storage,

n.    allow the plaintiff access to showers with standard
shower controls which stay on for the duration of the shower
and allow the plaintiff to adjust the temperature,

o.    allow the plaintiff to purchase on Sundays the Boston Globe or the Boston Herald,

p.    allow the plaintiff to freely exchange newspapers and magazines with other prisoners,

q.    allow the plaintiff to receive visits from other prisoners in his cell and to visit other prisoners in their cells;

11.    allow the plaintiff to purchase a computer, printer, and necesary cords, together with compact discs containing legal reference materials, such as the Massachusetts Decisions, Federal Decisions, the Massachusetts General Laws, and the Code of Massachusetts Regulations;

12.    provide the plaintiff with effective sex offender treatment without requiring the plaintiff to waive his right to not incriminate himself or waive his statutory rights to confidential treatment.

The facts on which the plaintiff bases his claim for a preliminary injunction are set in the Complaint, the Amended Complaint, and the Supplemental Complaint, each of which is verified.  There is no material dispute as to any of these facts.

The plaintiff is likely to succeed on the merits of each of his claims for injunctive relief.  The plaintiff has suffered and will continue to suffer irreparable harm, as a result of the violation of his First and Fourteenth Amendment rights by the defendants.  If the injunctive relief requested by the plaintiff is granted the hardship to the defendants will either be negligible or at most will require the defendants to do that which they have a clear legal obligation to do in any event.

5

If the injunctive relief requested is not granted the plaintiff

will continue to suffer irreparable harm through the deprivation

of his First Amendment rights to freedom of speech, freedom

of religion, and to seek redress of grievances, his Fourteenth

Amendment rights to access to the courts, access to his attorneys,

to be held in the least restrictive alternative, and to receive

effective treatment, and to be treated more considerately than

a prisoner.  The plaintiff will also be deprived of statutory

and regulatory rights: to receive and send mail promptly, to

be able to make legal copies, to receive effective treatment

and to be held in the least restrictive alternative.

Granting the injunctive relief requested by the plaintiff

will be in the public interest, because it is always in the

public interest to uphold Constitutional rights, as well as

statutory and regulatory rights.

Joel Pentlarge, Plaintiff

Joel Pentlarge, Pro Se
Nemansket Correctional Center
30 Administration Rd.
Bridgewater, MA 02324
Telephone (413) 967-3453

Certificate of Service

I, Joel Pentlarge, state under the pains and penalties
of perjury that I have served a copy fo the foregoing motion
for a preliminary injunction by first class mail postage prepaid
on Robert Murphy, Natalya Pushkina, and Deborah O'Donnell,
each at the Nemansket Correctional Center, 30 Administration
Rd., Bridgewater, MA 02324, Kathleen Dennehy at the Massachusetts
Department of Correction, 50 Maple Street, Milford, MA 01757,
Attorney General Thomas Reilly at One Ashburton Place, Boston,
MA 02108.  I have also served the defendants Murphy, Pushkina,
O'Donnell and Dennehy by institutional mail.

September 28, 2004

Joel Pentlarge