UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

C.A. No. 04-30177-KPN

JOEL PENTLARGE,

    Plaintiff,

vs.

ROBERT MURPHY, et al.,

    Defendants.

PLAINTIFF'S OPPOSITION
TO THE MOTION TO TRANSFER OF THE DEFENDANTS
ROBERT MURPHY AND KATHLEEN DENNEHY

Procedural Background

    The plaintiff Joel Pentlarge filed this civil rights action in the Western Division of the United States District Court for the District of Massachusetts, alleging that he is a resident of 10 Prospect Street in Ware, Hampshire County Massachusetts. (Complaint, ¶ 3.) Hampshire County is one of the counties in the Western Division. Local Rule 40.1(C)(3). The plaintiff was civilly committed to the Nemansket Correctional Center on July 19, 2004, by the Hampshire Superior Court, pursuant to M.G.L. c. 123A for an indeterminate period of a day to life. The defendants have moved to transfer this action from the Western Division to the Eastern Division arguing that the plaintiff's civil commitment to the Nemansket Correctional Center in Bridgewater means that he resides there. The plaintiff opposes this transfer.

Local Rule 40.1

    Local Rule 40.1 effectively assigns venue between the three

divisions of the United States District Court for Massachusetts. Local Rule 40.1 provides in the relevant portion that:

>   (D)   Assignment of Civil Cases.
>
>   (1)   Civil cases shall be assigned to the respective divisions if:
>
>   (a)   All of the parties reside in that division.
>
>   (b)   All of the parties reside in the District of Massachusetts and the majority of the plaintiff(s) reside(s) in that division.

If the plaintiff resides in the Western Division, then under Rule 40.1(D)(1)(b) this case has been properly filed and assigned to the Western Division.

Residence

The federal courts have long held that "One does not change his residence to the prison by virtue of being incarcerated there." Cohen v. United States, 297 F.2d 760, 774 (9th Cir. 1962); Ellingburg v. Connett, 457 F.2d 240, 241 (5th Cir. 1972) 1/ For purposes of venue under 28 U.S.C. 1391 the words "resident in" and "inhabitant" mean "neither more nor less than legal domicile." Ellingburg, Id. quoting King v. Wall & Beaver Street Corp., 79 U.S.App.D.C. 234, 145 F.2d 377, 379 (1945). See also Kahane v. Carlson, 527 F.2d 492 (2nd Cir. 1975), and Brimer v. Levi, 555 F.2d 656, 658 (8th Cir. 1977), and Holmes v. U.S. Board of Parole, 541 F.2d 1243, 1248-49 (7th Cir. 1976). The plaintiff has resided in the Town of Ware in Hampshire County since 1978. (Plaintiff's Affidavit, ¶ 2.) He contines to own the home that he bought in 1981 and lived in until he began his incarceration in 2000. He maintains the same phone number

---

1/ See also Borowski v. Smith, 305 F.3d 757, 763, (7th Cir. 2002), and Abreu v. U.S., 796 F.Supp. 50, 52 (D. R.I. 1992, Pettine, J.).

at his home. That phone number appears on many of the pleadings which have been filed in this action. He also maintains a real estate office in his home for the 34 rental apartments which he owns in five separate buildings in the Town of Ware. (Plaintiff's Affidavit, ¶¶ 4 and 5.) The plaintiff receives mail on a daily basis at his home in Ware. (Aff. ¶ 6.) The plaintiff has been registered as a voter in the Town of Ware since 1978. He voted in both the 2000 and 2004 elections by absentee ballot from Ware. This court on November 4, 2004, approved an agreement for judgment in the case of Joel Pentlarge v. Town Clerk of Ware, Docket No. 04-CV-30188, affirming his eligibility to vote as a resident of Ware. (Aff. ¶ 7.) The plaintiff has a current driver's license listing his residence as 10 Prospect Street in Ware, and has a motor vehicle currently registered to that address. (Aff. ¶ 8.) All of the plaintiff's personal possessions are located in his home in Ware, and the plaintiff has filed federal and state income tax returns from his home in Ware thru 2003. (Aff. ¶¶ 9 and 10.) All of the legal proceedings which led to the plaintiff's incarceration, civil commitment, and his petition for discharge from civil commitment have been filed in Hampshire County. (Aff. ¶ 11.) The plaintiff has appealed his civil commitment and the Hampshire Superior Court has ordered that his petition for discharge be heard on or before February 17, 2005. Should the plaintiff suceed in ending his incarceration by either legal route, it is his intention to resume his physical residency in Ware. (Aff. ¶ 11.)

The plaintiff has also maintained significant ties to members of the bar of Hampshire County. The plaintiff has already received substantial assistance from Attorney William Newman with this action, and hopes to receive further assistance from Attorney Newman, as well as attorneys Miles and Walker, also of Hampshire County. A final factor in the plaintiff's choice of venue is the efficiency of both the court and clerk's office.

By every objective measure that is used to determine domicile or legal residence the plaintiff's legal residence is 10 Prospect Street in Ware. His involuntary incarceration or commitment in the Nemansket Correctional Center does not change his legal residence. Based on his residence in Hampshire County the plaintiff has correctly brought this action in the Western Division of the United States District Court for the District of Massachusetts. The defenant's motion to transfer this action should be denied.

Respectfully submitted,

Joel Pentlarge, Plaintiff

Joel Pentlarge, Pro Se
Nemansket Correctional Center
30 Administration Rd.
Bridgewater, MA 02324
Telephone (413) 967-3453

Certificate of Service

I, Joel Pentlarge, state under he pains and penalties of perjury that I have served a copy of the foregoing Opposition by placing it in the institutional mail addressed to Attorney Mary Murray, Nemansket Correctional Center, 30 Administration Rd., Bridgewater, MA 02324.

November 17, 2004

Joel Pentlarge