UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30177 KPN

JOEL PENTLARGE,
   Plaintiff,

v.

ROBERT MURPHY, et al.,
   Defendants.

## MOTION TO TRANSFER OF DEFENDANTS ROBERT MURPHY AND KATHLEEN DENNEHY

Pursuant to Local Rule 40.1(F), defendants Robert Murphy and Kathleen Dennehy ("defendants") hereby request that this Court transfer this action to the Eastern Division of the United States District Court sitting in Boston. For the following reasons, good cause exists to transfer this case to the Eastern Division:

1.  Local Rule 40.1(C), (D) provides for the assignment of certain cases to the Western Division (sitting in Springfield) under certain circumstances, none of which is applicable here. The parties are not located in the Western Division.

2.  On July 19, 2004, a unanimous jury determined beyond a reasonable doubt that the plaintiff is a sexually dangerous person ("SDP") as that term is defined in G.L. c. 123A, § 1. See Exhibit 1. Accordingly, the Superior Court, Velis, J., ordered that the plaintiff be civilly committed to the Massachusetts Treatment Center ("Treatment Center") for one day to his natural life. See Exhibit 1. At the time that he filed this action and at all times since, therefore, the plaintiff has resided at the Treatment Center. In his Complaint, the plaintiff admits that he "is a civilly committed prisoner who is being held at the Nemansket Correctional Center . . . ."

Complaint, ¶ 1.[1] In the signature block, the plaintiff lists his return address as "Nemansket Correctional Center, 30 Administration Road, Bridgewater, MA 02324." Complaint, p. 27. While the plaintiff also claims that he "resides at 10 Prospect Street, Ware, Hampshire County, Massachusetts," Complaint, ¶ 3, that is simply not the case. The plaintiff now resides at the Treatment Center and will continue to do so until ordered released by a Court of the Commonwealth pursuant to the provisions of G.L. c. 123A. See Exhibit 1.

3. The plaintiff's various claims arise from his SDP commitment to the Treatment Center which is located in Bridgewater, Massachusetts. Bridgewater is part of Plymouth County, which is in the Eastern Division. *See* Local Rule 40.1(C)(1). He broadly challenges the conditions of his confinement at the Treatment Center.

4. Robert Murphy is the Superintendent of the Treatment Center, with an office located in Bridgewater. Complaint, ¶ 4. Kathleen Dennehy is the Commissioner of the Department of Correction ("DOC"). Complaint, ¶ 5. The Commissioner's office, which is located at DOC's central headquarters, is in Milford, Massachusetts. Complaint, ¶ 5. Milford is part of Worcester County, which is in the Central Division. *See* Local Rule 40.1(C)(2). The other individual defendants, Nataylia Pushkina and Debra O'Donnell, also work at the Treatment Center. See Amended Complaint, ¶¶ 96, 97.

5. This action has no connection to the Western Division.[2] With that fact in mind, the filing of this action in the Western Division is clearly intended to waste the Court's and the defendants' resources.

---

[1] The Treatment Center is referred to as the Nemansket Correctional Center in G.L. c. 123A, § 2. Throughout the statute, however, the facility is also referred to as the Treatment Center. *See, e.g.*, G.L. c. 123A, §§ 1, 6A, 9, 12, 13. The facility is commonly referred to as the Massachusetts Treatment Center as indicated by its letterhead and other official documents.

[2] Indeed, even the service that the plaintiff seeks a furlough to attend will be held in Wakefield, which is part of Middlesex County. Middlesex County is part of the Eastern Division.

WHEREFORE, defendants Robert Murphy and Kathleen Dennehy respectfully request that this Court transfer this action to the Eastern Division of the United States District Court for the District of Massachusetts.

                                     Defendants Robert Murphy and
                                     Kathleen Dennehy,
                                   NANCY ANKERS WHITE
                                   Special Assistant Attorney General

By:    Mary P. Murray, Counsel (BBO # 555215)
        Department of Correction
        Massachusetts Treatment Center
        30 Administration Road
        Bridgewater, Massachusetts 02324
Dated: November 5, 2004    (508) 279-8184

### Certificate of Service

I hereby certify that I caused a copy of the within document to be served on the *pro se* plaintiff, Joel Pentlarge, by hand.

                                              Mary P. Murray

Dated: November 5, 2004

# Commonwealth of Massachusetts
## County of Hampshire
## The Superior Court

CIVIL DOCKET# HSCV2003-00266

Commonwealth of Massachusetts

vs

Joel Pentlarge

### JUDGMENT AND ORDER OF COMMITMENT

A Petition for commitment of this respondent, Joel Pentlarge, was filed by the Commonwealth of Massachusetts on 12/09/2003. Probable cause to believe that the respondent is a sexually dangerous person was found by the Judd J. Carhart on 12/09/2003.

This matter came on for jury trial on June 14 – July 19, 2004 the Honorable Peter A. Velis, presiding. After review of the testimony and consideration of the exhibits introduced at trial, the jury returned a verdict finding unanimously and beyond a reasonable doubt that the respondent, Joel Pentlarge, was a sexually dangerous person. Accordingly,

It is ORDERED and ADJUDGED:

That the respondent herein, **Joel Pentlarge, DOB: 6 /27/50**, pursuant to Mass. G.L. Chapter 123A, Section 14(d) is hereby committed to the Massachusetts Treatment Center at Bridgewater for an indeterminate period of a minimum of one day and a maximum of his natural life until discharged pursuant to the provisions of section 9.

Dated at Northampton, Massachusetts this 19th day of July, 2004.

By the Court (Velis, J.)

A TRUE COPY
ATTEST

*[signature]*
CLERK MAGISTRATE

*[signature]*
Harry Jekanowski, Jr.
Clerk/Magisrate

Copies mailed 07/19/2004

EXHIBIT 1