UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 04-CV-30177-KP

JOEL PENTLARGE,

    Plaintiff,

vs.

ROBERT MURPHY, et al.,

    Defendants.

PLAINTIFF'S
1. ASSENT TO MOTIONS FOR EXTENSION OF TIME;
2. ASSENT TO STAY OF ENTRY OF DEFAULT
3. OPPOSITION TO MOTION FOR PROCEDURAL ORDER
4. REQUEST FOR A SCHEDULING CONFERENCE.

1. The plaintiff assents to the motions of the defendants, Robert Murphy, Kathleen Dennehy and the Massachusetts Department of Correction for a 30 day extension of time to file a response to complaint in this action. The plaintiff suggests that court enter an order extending the time for all of the defendants, including the defendant Pushkina and O'Donnell, to December 30, 2004, to file a response to the complaint.

2. The plaintiff has filed a request for default against the Department of Correction, because it was served more than 20 day ago and has not responded in any way to the complaint. Taking the defendant's motion, as a motion to either stay the entry of the default or to remove the default, the plaintiff assents to that motion, reserving the right to seek a further entry of default if the defendants fail to respond within the time allowed by the court.

3. The plaintiff opposes the motion of the defendants for a procedural order requiring the plaintiff to file a single

amended complaint. The plaintiff filed the original complaint in this action September 8, 2004. Nine days later the defendants Pushkina and O'Donnell defaced a pleading, which the plaintiff had prepared for this action, and refused to copy the pleading in the inmate law library. Since this was part of a pattern of what appeared to be escalating obstruction of the plaintiff's right of access to the courts, the plaintiff filed his first amended complaint, alleging these additional civil rights violations. Shortly after the plaintiff finished the amended complaint, the plaintiff's brother died on September 21, 2004, and the defendant Murphy denied the plaintiff's request to attend the funeral. At the same time the defendants began interfering with both the plaintiff's incoming and outgoing mail. The plaintiff filed a supplemental complaint to address these issues which had arisen subsequent to the filing of the complaint and the amended complaint. More recently the defendants have moved the plaintiff to a cell block with a broken heating system, and they have continued to interfere with the plaintiff's incoming mail on new grounds (specifically the defendants contrabanded the November 1 issue of the New Yorker, because it contained a picture of naked members of the protest group Act Up engaged in a political protest). The plaintiff served his Second Supplemental complaint alleging these additional violations of his civil rights on November 30, so that it crossed in the mail with defendants' motion for a procedural order. Although served with the motion to amend the complaint and the motion to supplement the complaint, the defendants did not anyway oppose these motions.

Taken together the complaint, amended complaint and two

supplemental complaints, allege eleven different kinds of violations of the plaintiff's civil rights in the eleven counts of the complaints. The 159 paragraphs of the complaints allege the specific facts that constitute each of the violations of the plaintiff's civil rights. Each count is as short and plain a statement of facts, which constitute each violation, as it is possible to make. Count I alleges failure to provide the least restrictive alternative in 29 different particular ways in 33 paragraphs. Count II alleges interference with access to telephones in 10 paragraphs. Count III alleges violation of the plaintiff's priviledges to confidentiality in therapy and under the Fifth Amendment in one paragraph. Count IV alleges failure to provide treatment in 10 paragraphs. Count VI alleges violations of the minimum standards of fitness for human habitation in eight paragraphs. Count VII alleges failure to implement a classification system in six paragraphs. Count VIII alleges denial of the funeral furlough in 9 paragraphs. Count IX alleges interfence with incoming and outgoing mail on four separate occaisions in 17 paragraphs. Count X alleges further violations of the minimum standards of fitness for human habitation, to wit the broken heating system and leaking roof, in 7 paragraphs, and Count XI alleges further interference with the incoming mail, to wit The New Yorker with the naked AIDS protesters, in six paragraphs. Count XII alleges interference with the mail appeal process in 5 paragraphs.

While the complaints are not perfect, the plaintiff misnumbered paragraphs by including two paragraphs 82 and two paragraphs 109, and there is no Count V, they do satisfy the requirements of Federal Rule of Civil Procedure 8(a) in that they contain

a plain and short in relation to the numerous violations alleged statement of the facts that entitle the plaintiff to relief. The complaints more than adequately serve the purpose of putting the defendants on notice what these facts are and legal basis under which the plaintiff claims relief.

The defendants through their counsel suggest that, "Since the plaintiff is a disbarred attorney, it is not unreasonable or burdensome to set forth his claims in a single document..." This disbarred attorney, when he was an attorney, relied heavily on the services of a very competent highly skilled secretary, who labored mightly to make her boss look good. For this disbarred attorney to retype some 48 pages of complaint would be extremely burdensome, particularly when done on standard electric typewriter with no memory or spell check. (If the defendants want to assent to my request to be able to have a computer and printer, as other prisoners here have, then I will be happy to retype the complaints into one document. See page 26 of the Complaint, prayer for relief 3(e).) Retyping the complaint would not in anyway change the facts on which the plaintiff relies, or the legal basis for relief, and would in all likelihood simply result in a fresh crop of typographical errors. It would simply further delay the defendants already late response to to plaintiff's complaint and further predjuice the plaintiff by extending the time that he is subject to unconstitutional conditions of confinement. The plaintiff therefore requests that court deny the defendants motion for a procedural order requiring the plaintiff to retype the complaints.

4. The plaintiff does request that the court hold a scheduling conference in this case. There are two outstanding motions

5

for preliminary injunctions which should be heard. The defendants clearly have their own scheduling concerns. It is interest of all parties that court set a schedule for this litigation.

Respectfully submitted,

Joel Pentlarge, Plaintiff,

_____
Joel Pentlarge, Pro Se
Nemansket Correctional Center
30 Administration Rd.
Bridgewater, MA 02324
Telephone (413) 967-3453

Verification

I, Joel Pentlarge, state under the pains and penalties of perjury that all of the facts stated in the foregoing document are true.

December 1, 2004

_____
Joel Pentlarge

Certificate of Service

I, Joel Pentlarge, state under the pains and penalties of perjury that I have served Attorney Mary Murray, Natalya Pushkina and Deborah O'Donnell by DOC mail at 30 Administration Rd., Bridgewater, MA 02324 with a copy of the foregoing Assent, etc.

December 2, 2004

_____
Joel Pentlarge