UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30177 KPN

JOEL PENTLARGE,
    Plaintiff,

v.

ROBERT MURPHY, *et al.*,
    Defendants.

MOTION TO REMOVE DEFAULT AGAINST
THE MASSACHUSETTS DEPARTMENT OF CORRECTION

    The Massachusetts Department of Correction ("DOC") submits this motion to remove the default entered against it on November 30, 2004. In support of this motion, DOC relies on its Opposition to Plaintiff Joel Pentlarge's Request for Entry of Default against the Massachusetts Department of Correction ("DOC's Opposition"), previously filed with the Court. In a letter dated December 2, 2004 and a related filing with the Court, the plaintiff has assented to a stay or removal of the default entered against DOC.

    As grounds for this motion, DOC states as follows:

1. The plaintiff is civilly committed to the Massachusetts Treatment Center ("Treatment Center") as a sexually dangerous person. In this civil action, the plaintiff broadly challenges the conditions of his civil confinement at the Treatment Center and the Treatment Center's operation. The plaintiff filed his original complaint on September 8, 2004. That complaint contains 94 separately numbered paragraphs. On September 27, 2004, the Court, Neiman, U.S.M.J., allowed the plaintiff to amend the complaint. The amended complaint, dated September 20, 2004, contains separately

numbered paragraphs beginning with paragraph number 95 through paragraph number 109. On October 15, 2004, the Court, Neiman, U.S.M.J., allowed the plaintiff's motion to file a supplemental complaint, dated September 28, 2004. This supplemental complaint contains separately numbered paragraphs beginning with paragraph number 109 through paragraph number 137. On November 30, 2004, counsel received the plaintiff's "Second Motion to Supplement the Complaint" and the proposed "Second Supplemental Complaint," which contains separately numbered paragraphs 138 through 159, along with the Plaintiff's Motion for a Preliminary Injunction.

2. According to the docket entry dated October 28, 2004, service was returned with respect to the DOC on October 19, 2004, with an answer due on November 8, 2004. To date, none of the defendants has filed an answer to any of the complaints.[1]

3. The undersigned counsel was first assigned this case on or about October 25, 2004. Counsel was required to address the plaintiff's motion for a preliminary injunction to attend his brother's funeral/memorial service. The opposition required factual investigation, legal research and preparation of a written opposition supported by two affidavits, as well as travel to and attendance at the hearing. After a hearing on November 5, 2004, the Court, Ponsor, J., denied the motion. On that date, defendants Kathleen Dennehy and Robert Murphy filed a motion to transfer this case to the Eastern Division of the United States District Court for the District of Massachusetts. The plaintiff has opposed this motion which remains pending.

---

[1] The undersigned counsel also represents defendants Kathleen Dennehy and Robert Murphy. The undersigned counsel does not represent defendants Debra O'Donnell or Nataylia Pushkina.

4. Since November 5, 2004, counsel has had to attend to other pressing matters. On November 8, 2004, counsel represented the Commonwealth in a jury trial before Donovan, J., in Middlesex Superior Court in a G.L. c. 123A, § 9 petition for discharge. In such a case, the Commonwealth bears the burden of proving beyond a reasonable doubt that the petitioner remains sexually dangerous. Section 9 petitions are highly fact intensive, require significant pre-trial preparation and involve expert testimony. This trial involved the testimony of four psychologists. The trial lasted four days and concluded on November 12, 2004. Thereafter, counsel was required to respond to two outstanding motions in another pending federal case for which an extension had been obtained in order to respond to the motion for preliminary injunction in this case.

5. The undersigned counsel is the Supervising Counsel for the Department of Correction's Legal Office at the Massachusetts Treatment Center. In this capacity, counsel supervises the work of the other Treatment Center Legal Office staff and oversees the office's administration. With the exception of approximately two weeks, the Treatment Center Legal Office has been operating with a reduced staff since early May, 2004. The Treatment Center Legal Office has been operating without a secretary since mid August, 2004. In addition, one of the four attorneys assigned to the Treatment Center Legal Office left his employment with DOC in late October, 2004, leaving the Treatment Center Legal Office further short staffed. The undersigned counsel anticipates trying another § 9 petition in December, 2004, before Sikora, J.

4

6. Given (1) the fact that the plaintiff has now filed four complaints in this action, (2) the fact that the case stands in a preliminary posture, (3) the plaintiff can show no prejudice, and (4) counsel's extremely heavy workload, it is in the interests of justice to grant this motion.

WHEREFORE, the Massachusetts Department of Correction respectfully requests that this Court allow this motion and remove the default entered against it.

> Respectfully submitted,
> Massachusetts Department of Correction,
>
> By its attorneys,
>
> NANCY ANKERS WHITE
> Special Assistant Attorney General
>
> /s/ Mary P. Murray_____
> By:   Mary P. Murray, Counsel  (BBO # 555215)
> Department of Correction
> Massachusetts Treatment Center
> 30 Administration Road
> Bridgewater, Massachusetts 02324
> (508) 279-8184
> (508) 279-8181 (fax)
> MPMurray@DOC.state.ma.us

Dated: December 7, 2004

### Certificate of Service

I hereby certify that I caused a copy of the within document to be served on the *pro se* plaintiff, Joel Pentlarge, by intra-facility mail.

> /s/ Mary P. Murray_____

Dated:  December 7, 2004