UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Case No. 04-30177 PBS

JOEL PENTLARGE,

      Plaintiff,

vs.

ROBERT MURPHY, et al.,

      Defendants.

PLAINTIFF'S OPPOSITION TO THE
THIRD MOTION FOR EXTENSION OF TIME
OF THE DEFENDANTS MURPHY AND DENNEHY

    The defendants Murphy and Dennehy were first served with notice of this action on September 18, 2004. (See the Waivers of Service, signed by the defendants, which were sent to the defendants on September 18, 2004. The originals are filed with the court, copies are attached.) The plaintiff has assented to two prior requests for extention of time on December 2, and December 14, 2004 both which allowed granting the defendants through December 30, 2004 to respond to the plaintiff's complaint. As of January 18, 2005 the defendants will have had a full four months in which to respond to the plaintiff's complaint.

    The plaintiff continues to be subjected to serious violations of his constitutional rights and his statutory and regulatory rights. Most of these violations are a direct result of the deliberate policy of the defendants to overcrowd the facility at the Nemansket Correctional Center with three times the number of prisoners for which it was designed. The plaintiff's motion for a preliminary injunction was served on September 28, 2004.

None of the issues raised in that motion for preliminary injunction have been addressed. Of particular urgency is the fact that the plaintiff still has no way of telephoning two of his lawyers, Attorney Harry Miles and Attorney Douglas Walker at their offices without being subject to monitoring and recording of his telephone conversations with them.

The plaintiff respectfully requests that the court deny the motion for a further extension of time, order the defendants Murphy, Dennehy and the Massachusetts Department of Correction to respond to the plaintiff's complaint forthwith or be defaulted, and set this case down for status conference to schedule a hearing on the plaintiff's outstanding motions for preliminary injunctions.

Joel Pentlarge, Plaintiff

Joel Pentlarge, Pro Se
Nemansket Correctional Center
30 Administration Rd.
Bridgewater, MA 02324

Certificate of Service

I, Joel Pentlarge, state under the pains and penalties of perjury that I have served a copy of the foregoing opposition by first class mail postage prepaid on Attorney Kevin W. Mulvey, Mulvey & Schneider, LLP, 1622A Beacon St., Brookline, MA 02446-2201, and by DOC mail to Attorney Mary Murray, 30 Administration Rd., Bridgewater, MA 02324.

January 6, 2005

Joel Pentlarge

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

ATTACHMENT 8

TO: __Joel Pentlarge, Pro Se__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Kathleen Dennehy__, acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action of __Pentlarge v. Murphy, Dennehy and the__
__the Massachusetts Department of Correction__ (CAPTION OF ACTION),
which is case number __04-30177-KPN__ in the United States District Court
                      (DOCKET NUMBER)
for the _____ District of __Massachusetts__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __September 18, 2004__,
                                                                                               (DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

__November 29, 2004__                          __Kathleen M Dennehy__ (signature)
       (DATE)                                              (SIGNATURE)

                              Printed/Typed Name: Kathleen M. Dennehy

                              As __Commissioner__ of __Massachusetts Department__
                                     (TITLE)              (CORPORATE DEFENDANT)
                                                     __of Correction__

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

ATTACHMENT 8

TO: __Joel Pentlarge, Pro Se__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Robert Murphy__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Pentlarge v. Murphy, Dennehy and the the Massachusetts Department of Correction__ (CAPTION OF ACTION),
which is case number __04-30177-KPN__ in the United States District Court
(DOCKET NUMBER)
for the _____ District of __Massachusetts__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __September 18, 2004__,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

__November 29, 2004__                    _____[signature]_____
(DATE)                                              (SIGNATURE)

Printed/Typed Name: __Robert Murphy__

As __Superintendent__ of __Massachusetts Treatment Center__
       (TITLE)                              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.