UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Case No. 04-30177-PBS

JOEL PENTLARGE,

    Plaintiff,

vs.

ROBERT MURPHY, et al.,

    Defendants.

PLAINTIFF'S OPPOSITION TO THE
MOTION FOR A PROCEDURAL ORDER AND
AND FOR EXTENSION OF TIME OF THE DEFENDANTS PUSHKINA AND O'DONNELL

    The plaintiff Joel Pentlarge opposes the motion of the defendants Pushkina and O'Donnell for a procedural order and for an extension of time to file an answer. The defendants Pushkina and O'Donnell effectively are parroting a request made by the defendants Murphy and Dennehy that the plaintiff be ordered to retype the complaint, amended complaint and two supplemental complaints as one document. The plaintiff opposed this motion by the defendants Murphy and Dennehy in an opposition which the plaintiff mailed to the court on December 2, 2004. For the same reasons set out in that opposition the plaintiff opposes the same motion made by defendants Pushkina and O'Donnell. As the plaintiff previously stated retyping the complaint will not in any way change the facts upon which plaintiff relies or the legal basis for the relief claimed. Allowing this motion to require retyping of the complaint will only serve to delay the already late response of the defendants Pushkina and O'Donnell to the plaintiff's complaint and will further prejudice the plaintiff by extending the time in which he is subject to

unconstitutional conditions of confinement.

Without being unduly presumptuous, or engaging in ad hominen attacks on the defendants or their counsel, this "disbarred attorney," would like to suggest that answering the complaints as they currently written is very simple and can be done within a week. To be very specific:

Paragraphs 1 and 2 of the complaint are statements of law to which no response is required.

Paragraphs 3-7 of the complaint list the parties and can be admitted without any predjudice to the defendants Pushkina and O'Donnell.

Paragraphs 8-15 are statements of fact which the defendants Pushikina and O'Donnell would have insufficient knowledge to admit or deny.

Paragraphs 16-19 have to do with the operation of the library and therefore the defendants Pushkina and O'Donnell should have sufficient to knowledge, as the librarian and her supervisor and former librarian to answer these allegations of their own personal knowledge.

Paragraphs 20-82 of the complaint are all allegations of fact of which the defendants Pushkina and O'Donnell would have insufficient knowledge to admit or deny.

Paragraphs 82-88 of the complaint are statements of law to which no response is necessary.

Paragraph 89-94 are class action allegations which the defendants Pushkina and O'Donnell would need to respond to the extent that the conditions alleged in the library and particularly with regard to access to the law library are alleged to affect

3

all 600 of the prisoners at the Nemansket Correctional Center.

Paragraph 95 of the amended complaint requires no response.

Paragraphs 96-98 list the defendants Pushkina and O'Donnell as parties. Presumably they can admit to these paragraphs without predjudice and specify any corrections to the spelling of their names.

Paragraphs 99-108 allege specific civil rights violations by the defendants Pushkina and O'Donnell which they will need to answer.

Paragraphs 109-159 are all either statements of law or matters of which the defendants Pushkina and O'Donnell would have no knowledge.

As detailed above there are only 28 paragraphs which the defendants Pushkina and O'Donnell need to respond to specifically. These defendants have had since October 8, 2004 to respond. Their counsel indicates that he has had since December 9, 2004 to respond. By the time the court receives this opposition the defendants will have had a full three months to answer 28 paragraphs.

The plaintiff respectfully requests that the court deny the motion of the defendants Puskina and O'Donnell for a procedural order and extension of time, and instead order that they file their response with court by January 21, 2005, or their default will be entered for failure to respond to the complaint.

                                            Joel Pentlarge, Plaintiff

*Joel Pentlarge*
Joel Pentlarge, Pro Se
Nemansket Correctional Center
30 Adminsitration Rd.
Bridgewater, MA 02324

4

## Certificate of Service

I, Joel Pentlarge, state under the pains and penalties of perjury that I have served a copy of the foregoing opposition by first class mail postage prepaid on Kevin W. Mulvey, Esq. Mulvey & Sneider, LLP, 1622A Beacon St., Brookline, MA 02446-2201, and by DOC mail to Attorney Mary Murray, 30 Administration Rd., Bridgewater, MA 02324.

January 6, 2005

Joel Pentlarge