UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION NO. 04-30177-PBS

JOEL PENTLARGE,
    Plaintiff,

v.

ROBERT MURPHY, *et al.*,
    Defendants.

**OPPOSITION OF DEFENDANTS THE MASSACUSETTS DEPARTMENT OF CORRECTION, ROBERT MURPHY AND KATHLEEN DENNEHY TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUCTION DATED SEPTEMBER 28, 2004**

**INTRODUCTION**

Defendants the Massachusetts Department of Correction ("DOC"), Robert Murphy and Kathleen Dennehy (collectively, the "DOC Defendants") submit this opposition to the plaintiff's motion for a preliminary injunction ("Plaintiff's Motion"), dated September 30, 2004.[1]

For the reasons set forth below, the Court should deny the Plaintiff's Motion.

**FACTUAL BACKGROUND**

The plaintiff has been civilly committed as a sexually dangerous person ("SDP") to the Massachusetts Treatment Center ("Treatment Center") for one day to his natural life.[2] Complaint, ¶ 1. *See* G.L. c. 123A, § 1 (defining "sexually dangerous person"), §§ 12-14

---

[1] This opposition addresses only the facial adequacy of the plaintiff's motion for a preliminary injunction. The DOC Defendants reserve their defenses to the plaintiff's various claims which they will address in their response to the plaintiff's various complaints.

[2] The Treatment Center is referred to as the Nemansket Correctional Center in G.L. c. 123A, § 2. Throughout the statute, however, the facility is also referred to as the Treatment Center. *See, e.g.*, G.L. c. 123A, §§ 1, 6A, 9, 12, 13. The facility is commonly referred to as the Massachusetts Treatment Center as indicated by its letterhead and other official documents.

(detailing SDP commitment process); *Commonwealth v. Bruno*, 432 Mass. 489, 494-497 (2000) (explaining SDP commitment process under 1999 statutory amendments to G.L. c. 123A).

Robert Murphy is the Superintendent of the Treatment Center. Complaint, ¶ 4. Kathleen Dennehy is the Commissioner of DOC. Complaint, ¶ 5. General Laws c. 123A, § 2 vests the Commissioner of Correction with sole responsibility for the Treatment Center's operation. The statute requires the Commissioner to maintain a treatment center for "the care, custody, treatment and rehabilitation" of sexually dangerous persons. G.L. c. 123A, § 2.

## ARGUMENT

### THE PLAINTIFF FAILS TO MEET THE REQUIREMENTS FOR A PRELIMINARY INJUNCTION.

In ruling on a motion for a preliminary injunction, the court must consider

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996); *see Langlois v. Abington Housing Auth.*, 207 F.3d 43, 47 (1st Cir. 2000) (same). "Likelihood of success on the merits is the main bearing wall of the four-factor framework." *Ross-Simons*, 102 F.3d at 16.

The plaintiff seeks a preliminary injunction requiring the DOC Defendants to engage or to refrain from engaging in a wide range of activities relating to many aspects of his commitment to the Treatment Center.[3]

---

[3] The Plaintiff's Motion also requested an order requiring the DOC Defendants to transport him to his brother's funeral. The plaintiff filed a separate motion and supporting memorandum addressing this issue. See Docket Entry Nos. 12, 13. A separate opposition was filed on November 4, 2004. See Docket Entry No. 14. After a hearing, the Court, Ponsor, J., denied the motion for a preliminary injunction to attend the funeral. See Docket Entry dated November 5, 2004.

This Court should deny the Plaintiff's Motion because the plaintiff has failed to show that he is entitled to the relief he requests. Local Rule 7.1 requires that a party "filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted." Here, the plaintiff has failed to file a memorandum of reasons, including citation of supporting authorities, to demonstrate why his motion should be granted.

Instead, the plaintiff baldly asserts that he is "likely to succeed on the merits of each of his claims for injunctive relief." Plaintiff's Motion, p. 4. He likewise asserts that he has "suffered and will continue to suffer irreparable harm, as the result of the violation of his First and Fourteenth Amendment rights by the defendants." Plaintiff's Motion, p. 4. These conclusory allegations – without more – do not satisfy the standards for a preliminary injunction.[4]

The plaintiff has simply failed to show that he is entitled to the relief he seeks in the first instance. The Court should not place the burden on the DOC Defendants to anticipate and refute every possible legal theory that the plaintiff could allege. Rather, the plaintiff is first required to support his motion with legal authority.[5] This he has failed to do. The Court should, therefore, deny the Plaintiff's Motion.

---

[4] As discussed more fully in the DOC Defendant's Opposition to the Plaintiff's Motion for a Preliminary Injunction to Repair Roof and Heat, filed herewith, the plaintiff does not have a private right of action to enforce the State Sanitation Code, 105 CMR 410.00, which does not even apply to the Commonwealth and its agencies.

[5] The plaintiff is a (now disbarred) attorney. The plaintiff is undoubtedly aware that he must support his motion for a preliminary injunction with citation to legal authority. Indeed, in the less than six months since he filed this lawsuit, the plaintiff has filed four motions for preliminary injunctions, one of which he has withdrawn. See Docket Entry Nos. 6, 12, 24, 43. He has filed supporting memoranda of law with respect to two of the other motions for a preliminary injunction. See Docket Entry Nos. 13, 25. It should also be noted that the plaintiff has, in less than six months, filed a complaint, an amended complaint, a supplemental complaint and a second supplemental complaint.

## **CONCLUSION**

For the foregoing reasons, the DOC Defendants respectfully request that this Court deny the Plaintiff's Motion. Alternatively, the DOC Defendants respectfully request that this Court schedule this matter for a hearing.

                              Defendants Massachusetts Department of Correction, Robert Murphy and Kathleen Dennehy,

                              NANCY ANKERS WHITE
                              Special Assistant Attorney General

                              /s/ Mary P. Murray_____
By:   Mary P. Murray, Counsel  (BBO # 555215)
        Department of Correction
        Massachusetts Treatment Center
        30 Administration Road
        Bridgewater, Massachusetts 02324
        (508) 279-8184
        (508) 279-8181 (fax)
        MPMurray@DOC.state.ma.us

Dated:  February 11, 2005

### Certificate of Service

I hereby certify that I caused a copy of the within document to be served as follows:
(1) *Pro Se* Plaintiff Joel Pentlarge, by intra-facility mail, Massachusetts Treatment Center 30 Administration Road, Bridgewater, MA  02324
&
(2) Defendants Natalyia Pushkina and Debra O'Donnell, by first class mail, postage pre-paid upon their counsel of record, Kevin Mulvey, Esquire, Mulvey & Sneider, LLP, 1622A Beacon Street, Brookline, MA  02446-2201.

                              /s/ Mary P. Murray_____
                              Mary P. Murray

Dated:  February 11, 2005