# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

**CIVIL ACTION NO. 04-30177-PBS**

**JOEL PENTLARGE,**
          **Plaintiff,**

**v.**

**ROBERT MURPHY,** *et al.,*
          **Defendants.**

## MOTION OF DEFENDANTS THE MASSACUSETTS DEPARTMENT OF CORRECTION, ROBERT MURPHY AND KATHLEEN DENNEHY TO STAY DISCOVERY

### INTRODUCTION

Defendants the Massachusetts Department of Correction ("DOC"), Robert Murphy and Kathleen Dennehy (collectively, the "DOC Defendants"), move to stay discovery in this case until (1) the DOC Defendants have had an opportunity to file a dispositive motion in response to the plaintiff's various complaints; and (2) the Court has ruled on that motion. The DOC Defendants specifically move to stay the obligation of defendant Robert Murphy to respond to document requests propounded by the plaintiff.

For the reasons set forth below, the Court should grant this motion.

### FACTUAL BACKGROUND

Since July, 2004, the *pro se* plaintiff has been civilly committed as a sexually dangerous person ("SDP") to the Massachusetts Treatment Center ("Treatment Center") for one day to his natural life.[1]  Complaint, ¶¶ 1, 12.  *See* G.L. c. 123A, § 1 (defining "sexually dangerous

---

[1]      The Treatment Center is referred to as the Nemansket Correctional Center in G.L. c. 123A, § 2. Throughout the statute, however, the facility is also referred to as the Treatment Center. *See, e.g.*, G.L. c. 123A, §§

person"), §§ 12-14 (detailing SDP commitment process); *Commonwealth v. Bruno*, 432 Mass. 489, 494-497 (2000) (explaining SDP commitment process under 1999 statutory amendments to G.L. c. 123A).

Robert Murphy is the Superintendent of the Treatment Center.  Complaint, ¶ 4.  Kathleen Dennehy is the Commissioner of DOC. Complaint, ¶ 5. General Laws c. 123A, § 2 vests the Commissioner of Correction with sole responsibility for the Treatment Center's operation.

On September 8, 2004, the plaintiff filed this lawsuit raising a wide variety of claims relating to his SDP commitment to the Treatment Center.  Since that time, the plaintiff has also filed an amended complaint, a supplemental complaint and a second supplemental complaint and four motions for preliminary injunctions, although he has since withdrawn one motion.  On or about January 12, 2005, the plaintiff served counsel for the DOC Defendants with a 65-paragraph request for the production of documents directed to Superintendent Murphy.  A copy of this document request is being filed under separate cover.

## ARGUMENT

The DOC Defendants request this Court to stay discovery in this action pending their response to the plaintiff's various complaints. The DOC Defendants intend to file a dispositive motion in response to plaintiff's various claims.  Thus, the DOC Defendants state that responses to these requests for documents are not necessary at the present time.  In fact, due to the nature and extent of the plaintiff's requests, to order the DOC Defendants to respond at this time would be overly burdensome.  The dispositive motion that the DOC Defendants intend to file will be meritorious in nature.  Should the Court grant the motion in whole or in part, that ruling will likely serve to narrow the nature and scope of discovery, if any, that is required.

---

1, 6A, 9, 12, 13.  The facility is commonly referred to as the Massachusetts Treatment Center as indicated by its letterhead and other official documents.

It has long been determined that, while the Court has discretion to stay discovery in an appropriate case, such a stay is neither automatic nor routine. *See Digital Equipment Corporation v. Currie Enterprises, et al*, (D.Mass. 1992 US Dist. LEXIS 17718). Fairness to all parties involved as well as the possibility of prejudice to the plaintiff dictates that discovery proceed in an efficient and expeditious manner. *Id.* While a motion to stay discovery is usually considered while a dispositive motion is pending, in this case, fairness requires that discovery be stayed until the DOC Defendants are able to file a dispositive motion and that motion has been ruled upon. The DOC Defendants will be filing such a motion within the next few weeks. The DOC Defendants contend that many, if not all, of the plaintiff's claims fail as a matter of law. Under such circumstances, requiring the DOC Defendants to respond to a 65-paragraph document request would constitute an undue burden and expense at this time.

The Plaintiff's request for production of documents is 12 pages long and includes 65 paragraphs of requests. The document request seeks discovery of materials that have no bearing on this case. For example, the plaintiff has requested "copies of all inspection reports by the Massachusetts Department of Public Health for the [Treatment Center] from 1986 to the present." Request for Production of Documents, ¶ 47.

The plaintiff has also requested that "for each civil inmate at [the Treatment Center] please provide any documents which show the date of admission, the duration or dates of sex offender treatment provided, the kind of treatment provided, and the anticipated date upon which treatment will be completed." Request for Production of Documents, ¶ 44. The plaintiff has also requested "for each civilly committed inmate at the [Treatment Center] please produce a copy of the docket entries for each such inmate who has a currently pending petition for release as

provided for under G.L. c. 123A, § 9, or any other documents which will indicate, the name of each petitioner in a currently pending petition, their counsel of record, if any, the date on which the petition was filed, the court in which the petition was filed, the docket number of the petition and the scheduled trial date if any. " Request for Production of Documents, ¶ 60.

The information that the plaintiff has requested is irrelevant to the many claims that he has raised. Not only is it irrelevant, it is clearly an attempt to burden the DOC Defendants with overly broad requests or perhaps is an effort to conduct a fishing expedition to assist him in some unrelated matter. At this stage of the litigation, the DOC Defendants should not be burdened with the obligation to respond to these requests.

<u>**CONCLUSION**</u>

For the foregoing reasons, the DOC Defendants respectfully request that this Court stay discovery in this action pending the response of the DOC Defendants' to the plaintiff's various complaints and the Court's ruling on any dispositive motion filed by the DOC Defendants. In particular, the DOC Defendants request that this Court stay Superintendent Murphy's obligation to respond to the plaintiff's document request.

Defendants Massachusetts Department of Correction, Robert Murphy and Kathleen Dennehy,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ Mary P. Murray

By:     Mary P. Murray, Counsel  (BBO # 555215)
        Department of Correction
        Massachusetts Treatment Center
        30 Administration Road
        Bridgewater, Massachusetts 02324
        (508) 279-8184
        (508) 279-8181 (fax)
        MPMurray@DOC.state.ma.us

Dated:  February 11, 2005

## Certificate of Service

I hereby certify that I caused a copy of the within document to be served as follows:
(1) *Pro Se* Plaintiff Joel Pentlarge, by intra-facility mail, Massachusetts Treatment Center 30 Administration Road, Bridgewater, MA  02324
&
(2) Defendants Natalyia Pushkina and Debra O'Donnell, by facsimile, upon their counsel of record, Kevin Mulvey, Esquire, Mulvey & Sneider, LLP, 1622A Beacon Street, Brookline, MA 02446-2201.

/s/ Mary P. Murray
Mary P. Murray

Dated:  February 11, 2005