UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30177-PBS

JOEL PENTLARGE,

      Plaintiff,

vs.

ROBERT MURPHY, et al.,

      Defendants.

PLAINTIFF'S MOTION TO EXTEND THE TIME
FOR FILING A MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTION TO DISMISS OF THE DEFENDANTS PUSKINA AND O"DONNELL

    The plaintiff Joel Pentlarge moves tha the court extend the time for the plaintiff to file a memoradum of law in opposition to the motion to dismiss of the defendants Puskina and O'Donnell until May 6, 2005.

    In support of this motion the plaintiff states:

    1.  On February 25, 2005 I was hospitalized to remove a tumor from my bladder.  I have received the pathology report, but I still do not know what further treatment, if any, will be necessary.

    2.  The motion to dismiss of the defendants Puskina and O'Donnell was mailed on February 25, 2005, the day that I went into the hospital.  The motion was forwarded to the hospital but did not arrive until after I was discharged, and then was forwarded back to the Nemansket Correctional Center, where I received it on March 8, 2005.

    3.  All medical appointments here at the Nemansket Correctional Center are scheduled for the same time as when the library is

to civil residents. Last week, for instance, out of a possible roughly twelve hours per week that the law library is open, I was only able to access the library for four hours, because of being in the hospital, recupperating, and medical appointments. This week the library was closed on Tuesday for administrative reasons, and on Wednesday, I could not get into the library for the first hour, because it was full, and on Thursday I could not get in at all because the library was full.

    4.   The limited access to the law library is exacerbated by the refusal of the defendants to make copies of cases for me to bring back to my cell. All of my time in the library is taken up with hand copying or typing the relevant passages of cases which I wish to cite. The defendants also will not let me obtain photocopies of cases through the mail from friends. On March 7th the defendants "contrabanded" a copy of the U.S. Supreme Court case of <u>Olmstead v. L.C.</u>, which was mailed to me by friend, and which I intend to cite in opposition to the motion to dismiss. This means that I will have to spend a significant amount of time in the library reading this case and copying out the relevant portions.

    5.   I am further slowed down by the refusal of the defendants to allow me to have any kind of word processor or computer. Every page that I submit to the court has to be hand typed and then completely re-typed to make any significant corrections or revisions. The court has probably noticed that there is no spell or grammar checker for this typewriter. Over the

the course of 3 years I literally wore out the correction function on my last typewriter. My current typewriter is less than six months old, and the correct function is begining to show signes of abuse, though it may not be apparent from reading the finished product.

6. There are several other cases which I am working on, and which are also making demands on my time and the limited access to the law library that I have. In Pentlarge v. Spencer, U.S. District Court docket no. 02-11490-NG I currently drafting a motion to compell discovery. In Pentlarge v. Compass Group Mass. Appeals Court Court docket no. 04-P-1258, the defendants were granted a furhter of extension of time to file their brief as appellees, through March 24, 2005. Once I receive this brief I anticipate having to write and file a reply brief.

The plaintiff therefore respectfully requests this extension of time through May 6, 2004 to file a memorandum in opposition to the defendants Pushkina and O'Donnell's motion to dismiss.

                                        Joel Pentlarge, Plaintiff

                                        Joel Pentlarge, Pro Se
                                        Nemansket Correctional Center
                                        30 Administration Rd.
                                        Bridgewater, MA 02324
                                        Telephone (413) 967-3453

                                 Verification

    I, Joel Pentlarge, state under the pains and penalties of perjury that all of the fact stated in the foregoing motion are gtrue.

March 10, 2005

                                        Joel Pentlarge

4

## Certificate of Service

I, Joel Pentlarge, state under the pains and penalties of perjuty that I served a copy of the foregoing motion on Attorney Mary Murray at 30 Administration Rd., Bridgewater, MA by DOC Mail and on Attorney Kevin W. Mulvey at 1622A Beacon St., Brookline, MA 02446-2201 by first class mail, postage prepaid.

March   , 2005                              _____
                                            Joel Pentlarge