UNITED STATES DISTRICT COURT
FOR THE CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2005 MARCH 21. A. No: 04-30177-PBS

JOEL PENTLARGE,

       Plaintiff,

   vs.

ROBERT MURPHY, et al.,

       Defendants.

U.S. DISTRICT COURT
DISTRICT OF MASS

### PLAINTIFF'S MOTION TO FILE EXHIBITS IN SUPPORT OF HIS OPPOSITION TO THE DEFENDANTS 12(b)(6) MOTION TO DSIMISS

The plaintiff Joel Pentlarge moves to file the following exhibits in support of his opposition to the defendants' 12(b)(6) motion to dismiss the plaintiff's complaint.

1.  The photo copies of legal cases which the defendant Murphy contrabanded on September 24, 2004, as alleged in paragraphs 126-130 of the Supplemental Complaint. Although the plaintiff signed to have these copies sent back to his home in October or November of 2004, the property office here at the Nemansket Correctional Center has just gotten around to completing the paper work to mail them out and they should be mailed on March 18, 2005 to the plaintiff's home. The plaintiff will then have these photocopies of legal cases mailed to the court under separate cover with a copy of this motion.

2.  The November 1, 2004 issue of the The New Yorker magazine, which contains "Democracy" pictorial of Richard Avedon, published posthumuously. The defendant Murphy upheld the contrabanding of the entire issue because of a picture on page 85 of naked Act Up protesters with "Stop Aids" stencilled on their chests. See ¶¶ 147-153 of the Second Supplemental Complaint.) This

2

also will be mailed by the property office to the plaintiff's home and then mailed to the court under separate cover with a copy of this motion.

3. A copy of <u>Olmstead v. L.C.</u>, 527 U.S. 581 (1999), which was mailed to the plaintiff and contrabanded pursuant to regulations and policies recently approved by the defendants Murphy and Dennehy. The plaintiff has requested that the property office mail this exhibit directly to the court. The plaintiff has provided the property office with a copy of this motion to enclose with it. Also contrabanded in the same letter was a several page summary of landlord tenant law in Massachusetts printed from a web site of the Massachusetts Attorney General's Office.

Normally the plaintiff would have attached each of these documents as exhibits to either the complaint or the memorandum which he would submit in opposition to the defendants' motion to dismiss. Because of the peculiar circumstance that each of these documents has been contrabanded, the plaintiff has never been in direct possession of any of them, and will not be allowed to have possession of them under the policies and procedures of the defendants Murphy and Dennehy. The only way to provide the court with these documents, so that the court may have the best evidence of their content is to file them separately with the court as exhibits. The plaintiff respect-fully requests that the court authorize the filing of these documents separately as exhibits to the plaintiff's opposition to the defendants motion to dismiss the plaintiff's complaint

3

pursuant to Rule 12(b)(6).

> Joel Pentlarge, Plaintiff
>
> Joel Pentlarge, Pro Se
> Nemansket Correctional Center
> 30 Administration Rd.
> Bridgewater, MA 02324
> Telephone (413) 967-3453

### Verification

I, Joel Pentlarge, state under the pains and penalties of perjury that all of the facts stated in the foregoing motion are true.

March 17, 2005

> Joel Pentlarge

### Certificate of Service

I, Joel Pentlarge, state under the pains and penalties of perjury that I served a copy of the foregoing Motion to File Exhibits on Mary Murray, Esq., by DOC mail at 30 Administration Rd., Bridgewater, MA and on Kevin W. Mulvey, Esq., 1622A Beacon St., Brookline, MA 02446-2201 by first class mail postage pre-paid.

March    , 2005

> Joel Pentlarge