UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. No. 04-30177-PBS

JOEL PENTLARGE,

    Plaintiff,

vs.

ROBERT MURPHY, ET AL,

    Defendants.

## PLAINTIFF'S THIRD MOTION TO SUPPLEMENT THE COMPLAINT

The plaintiff, Joel Pentlarge, moves for leave to file a third supplemental complaint. Filed herewith is the proposed third supplemental complaint. The reason for this supplement is that the Defendants Murphy and Dennehy have raised as a defense in their motion to dismiss, that the plaintiff has failed to allege any direct involvement of these defendants in preventing the plaintiff from receiving copies of court decisions from the Hampshire County Law Librarian. The interference with this mail is alleged in Count IX of the Amended Complaint. Immediately subsequent to the filing of the Amended Complaint, the plaintiff filed a grievance regarding the contrabanding of his mail. The greivance was denied, and the plaintiff appealed the denial to Superintendent Murphy and wrote to both Superintendent Murphy and Commissioner Dennehy regarding the contrabanding of this mail. Superintendent Murphy denied the grievance appeal, and Commissioner Dennehy never responded to the letter. Attached to the proposed Third Supplemental Complaint, as exhibits are the grievance, the appeal, and the letter. So that the record

may be clear regarding the involvment of the defendants Murphy and Dennehy, the plaintiff requests permission to file this Third Supplemental Complaint, alleging events which occurred subsequent to the filing of the amended complaint.

> Respectfully submitted,
>
> Joel Pentlarge, Plaintiff,
>
> *[signature]*
> Joel Pentlarge, Pro Se
> Nemansket Correctional Center
> 30 Administration Rd.
> Bridgewater, MA 02324
> Telephone (413) 967-3453

### Certificate of Service

I, Joel Pentlarge, state under the pains and penalties of perjury that I have served Attorney Mary Murray, Nemansket Correctional Center, 30 Administration Rd. Bridgewater, MA 02324 by DOC mail and Attorney Kevin Mulvey, 1622A Beacon St., Brookline, MA 02446-2201 by first class mail postage prepaid.

May 11, 2005

*[signature]*
Joel Pentlarge

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-30177-PBS

JOEL PENTLARGE,

    Plaintiff,

vs.

ROBERT MURPHY, ET AL,

    Defendants.

### THIRD SUPPLEMENTAL COMPLAINT

160.  The plaintiff re-alleges and incorporates all of the allegations contained in the 159 paragraphs of the complaint, amended complaint, supplemental complaint, and second supplemental complaint, all previously filed in this action.

### STATEMENT OF SUPPLEMENTAL FACTS

#### SUPPLEMENT TO COUNT IX INTERFERENCE WITH MAIL

161.  In paragraphs 126-131 the plaintiff alleged that copies of court decisions from the Hampshire County Law Librarian were contrabanded, as well as part of the last letter mailed by the plaintiff's brother Daniel, before he died.

162.  On September 24, 2004 the same day that the plaintiff received the notice of contrabanding of the court decisions, the plaintiff filed a grievance of the contrabanding.  The notice of contrabanding which was signed by Duane MacEachern, the then Deputy Superintendent, is attached as Exhibit F of the Supplemental Complaint already filed with the Court. Attached as Exhibit H of this Third Supplemental Complaint is copy of the grievance.

163.  The grievance was denied on October 31, 2004.

164.  The plaintiff appealed the denial of the grievance to the defendant Superintendent Murphy on November 1, 2004. Attached as Exhibit I is a copy of the grievance appeal.

165.  The plaintiff also wrote to the defendants Superintendent Murphy and Commissioner Dennehy requesting that they reverse the grievance decision and immediately deliver the remaining pages of mail from the Hampshire County Law Librarian. Attached as Exhibit J is a copy of the November 1, letter to both Murphy and Dennehy.

166.  Superintendent Murphy denied the grievance appeal. Commissioner Dennehy never responded to the November 1, letter.

167.  Attached as Exhibit K is a copy of a notice to mail room staff of the DOC which includes the definition of "Publication" in 403 CMR 481, as it was amended effective June 1, 2004.

> Joel Pentlarge, Plaintiff
>
> /s/ Joel Pentlarge
> Joel Pentlarge, Pro Se
> Nemansket Correctional Center
> 30 Administration Rd.
> Bridgewater, MA  02324
> Telephone (413) 967-3453

Certificate of Service

I, Joel Pentlarge state under the pains and penalties perjury that I have served a copy of the foregoing Third Supplemental Complaint on Attorney Mary Murray, Nemansket Correctional Center, 30 Administration Rd., Bridgewater, MA by DOC mail and on Attorney Kevin Mulvey, 1622A Beacon St., Brookline, MA 02446-2201 by first class mail postage prepaid.

May 11, 2005                               /s/ Joel Pentlarge



EXHIBIT H
Page 1

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

**Name** PENTLARGE JOEL   **Grievance#** 6210   **Institution** MASS. TREATMENT CENTER

**Commit No.** M85594   **Housing** C1   **Date Of Incident** 20040924   **Date Of Grievance** 20040924

**Complaint**
On 8-18-04 I wrote to Barbara Fell- Johnson, the librarian of the Hampshire County Law Library requesting that she send me copies of 4 cases which are not available in the law library here at the Nemansket Correctional Center. She mailed photo copies of those cases which ran some 20 pages, and I received them with an enclosed note, Joel- I prefer to either e-mail them to you or to Gwen, or send them on a floppy disk. Will that work for you ? Barbara. A week ago I again wrote to Ms. Fell - Johnson to send 5 cases not available here. I suggested that she e-mail the cases to me at JoelPent@comcast.net. She did so, they were printed and mailed to me from my office. Enclosed was a cover letter from her which indicated the e-mail was being sent from a reputable electronic data base of legal information.This data base is not developed by the Trial Court Law Libraries, it is Westlaw. I received the first 5 pages of the first 5 cases, sent in the form of an original e-mail address with case heading People v. Carl david Hogan, written in unmistakeable legaleese. I did not receive the remaining 36 pages ,nor any part of the remaining 4 cases, e-mailed to me. I received a contraband notice that I can't receive more than 5 pages of photocopies. Legal materials have to be entiled to highest 1st and 14th Admendment protections.These materials while arguably copies of original court decisions,are not photocopies, they're direct e-mail printed out and mailed to me.There is no regulation promulgated allowing this limitation on photocopied materials. Even if there is ,such applies to state prisons with no consideration that this is a secure mental health facility in which I and other residents are entitled to be treated more considerately than prisoners , Youngberg v. Romeo.

**Remedy Requested**
Please stop interfering with my First and Fourteenth Admendment Rights to receive bona fide legal materials, particularly copies of legal cases. Please immediately deliver the rest of the letter from the Hampshire County Law Librarian and instruct the mail officer not to interfere with these materials in the future.

**Staff Recipient** Edington Glenn E   CO II

**Staff Involved**

**Signature**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20041016   **Decision Date** 20041031

**Signature** Edington Glenn E   CO II

**Final Decision** DENIED

**Decision**
Grievance is denied. Materials and or copies received by an Inmate or Resident that have been extracted, photocopied, or clipped from publications and received in personal correspondence non direct from an approved publisher, are limited to receive a maximum of five pages per day, except for Sundays and Postal holidays. This provision excludes official legal mail. Grievant is advised , The Disapproved Correspondence/ Publication And Contraband Notice To Inmate, has it's own appeal mechanism and appeal instruction is noted on the form issued to him. Lastly, computer floppy disks are not an approved property item.

**Signature** [signed]   **Date** 10-31-04

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

EXHIBIT I
Page 1

| | | | |
|---|---|---|---|
| Name | PENTLARGE JOEL | Institution | MASS. TREATMENT CENTER |
| Number | M85594  Housing C1 | Appeal Date 01-NOV-2004 | Date Of Grievance 24-SEP-2004 |
| | | Appeal Received Date | 04-NOV-2004 |

**Appeal**

Grievant submitted appeal as a letter to Kathleen M. Dennehy, Commissioner, and Robert Murphy, Superintendent.
Summary of appeal/letter:
Initially it should be noted that 103 CMR481.04 the Inmate Mail Policy applies to "inmates at all state correctional institutions". Since the Supreme Judicial Court has ruled that the Nemansket Correctional Center is not a correctional facility but instead a "secure mental health facility," it would appear that by the terms of the regulation itself it does not apply to civilly committed persons in this secure mental health facility.
The grievance officer appears to concede that there is nothing about the content of the legal decisions which makes them contraband. Instead it is the way that they were sent to me that makes them contraband. Presumably if these cases had been mailed to me in the original law books they would have been allowed in, subject to the property restriction that I can have only ten books in my possession. The grievance officer seems to suggest that that if the copies had come in as "Legal Mail" then there would have been no problem. Section 481.11 Privileged Mail does provide that inmates can receive mail uncennsorded from attorneys and courts, but does not specifically include county law libraries.

Entered by R. Murphy

**Remedy Requested**

I request that you reverse the deision of the grievance officer and immediately deliver the remianing pages of the legal decisions which were mailed to me by the Hampshire County Law Librarian.

**Staff Recipient**   Edington Glenn E  CO II

**Signature**

---

## DECISION BY SUPERINTENDENT

| | | | | | |
|---|---|---|---|---|---|
| Appeal Received Date | **************** | Decision Date | 04-NOV-2004 | Decision | DENIED |

**Decision By**   Murphy Robert F  SUPERINTENDENT

**Reasons / Signature**

This grievance appeal is denied. On June 1, 2004 the Department revised the Mail Regulation, 103 CMR 481, as follows: "that an inmate may receive a maximum of five (5) pages per day, except Sundays and postal Hoilidays, of a portion extracted, photocopied, or clipped from such items as an attachment to personal correspondence as long as the material is not otherwise prohibited by 103 CMR 481, Inmate Mail. Notice of this policy change was widely distributed in the facility. The documents sent to the grievant through the US Mail did not comply with this policy change and were not privileged correspondence. Additionally the grievant failed to submit an appeal of the disallowed documents as defined in 103 CMR 481.16 (2) (b) prior to filing a grievance.

Date 11-4-04

---

### INMATE RECEIPT

| | | | |
|---|---|---|---|
| Inmate's Name | PENTLARGE JOEL | Institution | MASS. TREATMENT CENTER |
| Number | M85594 | Appeal Received Date | 04-NOV-2004 |
| Staff Recipient | Edington Glenn E  CO II | | |

**Superintendent's Signature**

EXHIBIT I
FORM
Page 2

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE APPEAL FORM**

11-04-04 A1

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| Joel Pentlarge | M85594 | 11/1/04 |

| INSTITUTION: | ASSIGNED GRIEVANCE #: |
|---|---|
| Nemansket Correctional Center | 6210 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in **Block A**, in a brief and understandable manner.
3. Provide your requested remedy in **Block B**.

**A. Provide your appeal argument in a brief and understandable manner.**

Please see attached letter to Supt. Murphy and Com. Dennehy.

**B. Provide your requested remedy**

Please see attached letter.

Inmate's Signature _Joel Pentlarge_   Date: 11/1/04
Staff Recipient _Persy Miranda_   Date: 11/4/04

(Inmate receipts/responses will be generated via the Inmate Management System.)



November 1, 2004

Joel Pentlarge, M85594
Nemansket Correctional Center
30 Administration Rd.
Bridgewater, MA 02324

Superintendent Robert Murphy
Nemansket Correctional Center
30 Administration Rd.
Bridgewater, MA 02324

Commissioner Kathleen Dennehy
Mass. Department of Correction
50 Maple St.
Milford, MA 01757

Re:  Pentlarge v. Murphy, et al.
     U.S. District Court Docket No. C.A. 04-30177

     and

     Appeal of Grievance #6210 Regarding interference with
     incoming mail

Dear Superintendent Murphy and Commissioner Dennehy:

   In paragraphs 126 thru 130 of the Supplemental Complaint in
the above entitled action I detailed the facts of how copies
of five legal cases which were sent to me via E-Mail by the
Hampshire County Law Librarian and then mailed to me were contra-
banded as being items not authorized by the 103 CMR 403 the
Inmate Property Policy. I filed a grievance, #6210, requesting
that my mail not be interfered with. The grievance was denied
on October 31, 2004. This letter is both an appeal the grievance
denial and an update on the allegations in the supplemental
complaint.

   Initially it should be noted that 103 CMR 481.04 the Inmate
Mail Policy applies to "inmates at all state correctional insti-
tutions." Since the Supreme Judicial Court has ruled that the
Nemansket Correctional Center is not a correctional facility
but instead a "secure mental healt facility," it would appear
that by the terms of the regulation itself it does not apply
to civilly committed persons in this secure mental health facility.

   The greivance officer appears to concede that there is
nothing about the content of the legal decisions which makes
them contraband. Instead it is the way that they were sent
to me that makes them contraband. Presumably if these cases



had been mailed to me in the original law books they would have been allowed in, subject to the property restriction that I can have only ten books in my possession. The grievance officer seems to suggest that if the copies had come in as "Legal Mail" then there would have been no problem. Section 481.11 Privileged Mail does provide that inmates can receive mail uncennsorded from attorneys and courts, but does not specifically include county law libraries.

The problem seems to be that the definition of "Publication" was amended effective June 1, 2004, in Section 481.06 to provide that:

> <u>Publication</u>: any book, booklet, pamphlet, magazine, periodical newspaper or similar document...which is distributed or made available through any means or media for a <u>commercial purpose</u>. This definition includes any portion extracted photocopied, or clipped from such items, provided, however that an inmate may receive maximum of five (5) pages per day, except Sundays and postal holidays, of a portion extracted photocopied, or clipped from such items as an attachment to personal correspondence as long as the material is not otherwise prohibited by 103 CMR 481, Inmate Mail. [Underlining added

Because these cases are official reports of the decisions of the courts, these decisions were not produced for a "commercial purpose" and should be exempt from this regulation.

In <u>Procunier v. Martinez</u>, 416 U.S. 396, 413-414 40 L.Ed. 2d 224, (1974) the court stated:

> First the regulation or practice in question must further an important or substantial governmental interest unrelated to suppression or expression. Prison officials ... must show that a regulation authorizing mail censorship furthers one or more of the substantial governmetnal interests of security, order and rehabilitation. Second, the limitation of First Amendement freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved. Thus a restriction on inmate correspondence that furthers an important or substantial interest of penal administration will nevertheless be invalid if its sweep is unnecessarily broad.

This is a "least restrictive alternative analysis," which the court <u>Thornburg v. Abbott</u>, 490 U.S. 401, 410, 104 L.Ed.2d 459, 471 (1989) found to be "without sufficient sensitivity to the need for discretion in meeting legitimate prison needs." But least restrictive alternative is the standard which applies to persons who have been civilly committed here at the Treatment Center. <u>King v. Greenblatt</u>, 53 F.Supp.2d 117, 123 (D.Mass. 1999). <u>Youngberg v. Romeo</u>, 457 U.S. 307, 324, 73 L.Ed.2d 28 (1982). This is consistent with the court's recent ruling that



3

"content-based restrictions on speech [are] presumed invalid," and to be valid must be "narrowly tailored to serve a compelling governmental interest" with no "less restrictive alternatives" available. Ashcroft v. A.C.L.U., 542 U.S. ___ . 159 L.Ed.2d 690, 698 (2004).

In the present case the restriction goes not to content but to volume. However the DOC already restricts inmates to a total volume of one cubic foot of legal paper work which the inmate may keep in his cell. This less restrictive alternative regulation is more than sufficient to maintain order within the institution.

I request that you reverse the decision of the grievance officer and immediately deliver the remaining pages of the legal decisions which were mailed to me by the Hampshire County Law Librarian.

It should also be noted that deprive me of access to these cases violates my right of access to the courts under the Fourteenth Amendment. See Lewis v. Casey, 518 U.S. 343 (1996) and Bounds v. Smith, 430 U.S. 817, 828 (1977) which held that "the fundamental constitutional right of access to the courts requires prison authoritiies to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Certainly this duty to assist must extend to allowing prisoners to receive copies of legal decisions not available in the prison law library without limiting the number of pages that a prisoner can receive in one letter.

Very truly yours,

Joel Pentlarge

cc: Attorney William Newman

Please be advised that the following change to the defininition of a *publication* that is contained in 103 CMR 481, Inmate Mail, will become effective Tuesday, June 1, 2004. <u>Please ensure that Mailroom staff and any other staff member that is involved in the delivery of inmate mail is made aware of this change.</u> A copy should be provided to your institutional Policy Coordinator as well.

The definition of a publication has been revised in the Inmate Mail policy. The paragraph below reflects the revisions in **bold type**. This revision impacts both Inmate Mail - 103 CMR 481 and Inmate Property - 103 CMR 403 with regard to the amount of publications an inmate is allowed to receive via U.S. Mail and the amount an inmate may possess in their property [one (1) cubic foot]. Nancy White, General Counsel, has informed me that the new definition (with its page restriction) applies to all materials extracted, photocopied or clipped from publications as defined below:

<u>Publication:</u> any book, booklet, pamphlet, magazine, periodical, newsletter, newspaper, or similar document, including stationery and greetings cards, published by any individual, organization, company, or corporation which is distributed or made available through any means or media for a commercial purpose. This definition includes any portion extracted, photocopied, or clipped from such items, **provided, however, that an inmate may receive a maximum of five (5) pages per day, except Sundays and postal holidays, of a portion extracted, photocopied, or clipped from such items as an attachment to personal correspondence as long as the material is not otherwise prohibited by 103 CMR 481, Inmate Mail.**

EXAMPLE #1:

If an inmate receives fifteen (15) pages of any of the items listed according to the definition of a publication, what happens to the other ten (10) pages?

Response:
In the event that an inmate receives any materials exceeding the allowed five (5) pages, the remaining amount of material will be considered contraband, and will be handled in accordance with contraband mail guidelines (481.16 and 403.14) set forth by policy. There will be a decrease in the contrabanding of Internet materials, once the sender and inmate become acclimated to the new policy definition for incoming publications.

EXAMPLE #2:

If an inmate receives two (2) or more letters in one day from any or the same sender, each letter containing (5) pages of any of the materials listed under the definition of a publication, what happens to the materials in the second letter ( third letter, fourth letter, etc.)?

Response:
The Department has no control of how much incoming mail an inmate receives, but the five (5) page restriction does control how much material may be sent along with each piece of mail delivered to an inmate.