UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. No. 04-30177-PBS

JOEL PENTLARGE,

    Plaintiff,

VS.

ROBERT MURPHY, et al.,

    Defendants.

PLAINTIFF'S MOTION TO FILE
AS ADDITIONAL EXHBITS TO THE
PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS:
1. A COPY OF VINTAGE YACHTS, and
2. A COPY OF THE MOST RECENT DEPARTMENT OF
PUBLIC HEALTH INSPECTION REPORT

    The plaintiff, Joel Pentlarge, moves to file two additional exhibits in support of his opposition to the defendants' motions to dismiss pursuant to Rule 12(b)(6).

    1. Vintage Yachts. The plaintiff's ever thrifty, eighty year old father, ordered as a gift for the plaintiff, **the book Vintage Yachts** from Daedalus Books. Daedalus is a mail order book distributor specializing in remaindered books primarily from academic publishers. Its books, typically, would hold no interest to the average prisoner. When Vintage Yachts arrived in the mail from Daedalus on May 9, 2005, it was contrabanded because Daedalus is not "approved book distributor" or "vendor." (Attached are the two notices of contrabanding.) The DOC "Inmate Property Policy", 103 CMR 403.00, which applies to all prisoners at all prisons of the DOC, provides that:

    "Books/Magazines/Newspapers - Authorized inmates may possess a maximum of ten books, magazines and newspapers.

All publications must come directly from the publisher or a pre-approved distributor or book club...."

103 CMR 403.11(7)(d). The library at the Nemansket Correctional Center has a list of "Pre-Approved Distributors/Book Clubs," which lists: AOL Time Warner, Edward R. Hamilton, Walden Books, The Literary Guild, Barnes & Noble, The Religious Book Store, Simon and Schuster, Random House, Double Day Book Club, Amazon Books, and Books a Million. Daedalus is not on the list of pre-approved book distributors.

The plaintiff has received other books ordered by his father from Daedalus, including for instance, The Difference Engine, a book about early mechanical computers. So enforcement of this regulation appears to be arbitrary and capricious. The plaintiff would normally appeal the contrabanding of this book, but at the present time the plaintiff is down to his last typewriter ribbon, filing an appeal and keeping the book in storage as contraband could result in the order for new typewriter ribbons being disallowed or held up. (See Count XII of the Second Supplemental Complaint.) Instead the plaintiff has asked the Property Office to mail Vintage Yachts to the court to be an exhibit in support of the plaintiff's opposition to the defendants' Rule 12(b)(6) motions to dismiss. The plaintiff offers Vintage Yachts as an example of:

1) How the defendants are interfering with the plaintiff's mail as alleged in Counts IX and XI;

2) How the defendants are subjecting the plaintiff to prison regulations that are far more retrictive and punitive, than is necessary, and which bear no reasonable relationship to the purpose for which the plaintiff was committed, as alleged in

Count I of the Complaint. See also p. 9 of the Plaintiff's Memorandum of Law In Opposition to the Motions to Dismiss of all of the Defendants: citing Seling v. Young, 531 U.S. 250 (2001) and quoting Seling at 265; and

    3) How the property policy regarding storage of contraband items and prohibiting the processing of property orders while items are in contraband storage, has a chilling effect on the plaintiff's ability to appeal the contrabanding of these items, even when the items are as innocuous as Vintage Yachts. See Count XII of the Second Supplemental Complaint.

    2. <u>Inspection Report of the Mass. Dept. of Public Health</u>. While the plaintiff was writing his memorandum of law opposing the motions to dismiss, another inmate, George Johnston, came to the plaintiff complaining about the leaking roof. The plaintiff, thinking that it would be useful to have a copy of the latest inspection report of the Mass. Department of Public Health to submit in support of the Opposition to the motion to dismiss, suggested to Mr. Johnstone that he write to the Department of Public Health requesting a copy of the latest report. Mr. Johhstone did so, and on April 15, 2005, Paul Halfmann, the Assistant Director of the Community Sanitation Program, wrote back with a copy of the November 15, 2004 inspection report for the Nemansket Correctional Center. The cover letter and the first four pages of the report were allowed in. The rest of the report was contrabanded; presumably because it was considered a "commercial" publication. (See Count IX of the Supplemental Complaint, and pp. 39-42 of the Plaaintiff's Memorandum of Law.) Mr. Johnstone

4

also had a property order pending. Rather than have his property order delayed or cancelled, Mr. Johnstone requested that the Property Officer send the contrabanded portion of the inspection report to the Court. Attached are the cover letter from Mr. Halfmann and the first four pages of the November 15, Inspection Report. The plaintiff requests that the balance of the report be allowed as an exhibit to the Memorandum of Law, both as an example of how arbitrarily and capriciously the defendants are interfering with the mail of all civilly committed prisoners here at Nemansket Correctional Center, and as documentation that the defendants have been cited for code violations as alleged in the plaintiff's complaint, Counts VI, ¶¶ 69-76 and Count X, ¶¶ 141-146.

Respectfully submitted,

Joel Pentlarge, Plaintiff
Nemansket Correctional Center
30 Administration Rd.
BRidgewater, MA 02324

Certificate of Service

I, Joel Pentlarge, state under the pains and penalties of perjury that I have served a copy of the foregoing motion on Attorney Mary Murray, 30 Administration Rd., Bridgewater, MA 02324 by DOC Mail, and on Attorney Kevin Mulvey, 1622A Beacon St., Brookline, MA 02446-2201 by first class mail postage prepaid.

May  , 2oo5

Joel Pentlarge

Verification

I, Joel Pentlarge, state under the pains and penalties of perjury that all of the facts stateed in the foregoing motion are true.

May 16, 2005

Joel Pentlarge