UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY M. HEALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 01-11099-NG |
| ) | |
| ROBERT MURPHY, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| and ) | |
| ) | |
| JOEL PENTLARGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-30177-PBS |
| ) | |
| ROBERT MURPHY, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE CASES

The plaintiffs in each of the two above-entitled actions, Jeffrey Healey ("Mr. Healey") and Joel Pentlarge ("Mr. Pentlarge," collectively, the "Plaintiffs"), jointly move that Mr. Pentlarge's action be consolidated with Mr. Healey's action, as provided for by Fed.R.Civ.P. 42(a). The cases involve common parties, common facts, and common law. Moreover, the defendants in the two actions cannot possibly claim that prejudice might flow from such a consolidation.

**ARGUMENT**

The Plaintiffs' cases should be consolidated because they involve common parties, common facts, and common law. Both cases question the Department of Correction's ("DOC") administration of the Massachusetts Treatment Center ("MTC").

Consolidation is appropriate where multiple actions involve a common party as well as common issues of fact and law. Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). The cases need not be identical for consolidation, nor must there be a complete overlap of factual and legal issues. Tingley Sys., Inc. v. CSC Consulting, Inc., 152 F.Supp.2d 95, 102 (D. Mass. 2001). Where there are common parties and issues a "motion to consolidate ordinarily will be granted unless the opposing party shows 'demonstrable prejudice.'" In re PRI Automation, Inc. Sec. Litig., 145 F. Supp.2d 138 (D. Mass. 2001).

Moreover, in order to determine whether the same questions of law or fact are implicated in multiple actions, the court should consider the identity of the parties, the legal issues raised by the parties, and whether the witnesses are the same in each action. Kelly v. Kelly, 911 F.Supp. 66, 69 (N.D.N.Y. 1996). "[W]here both suits arise from the same operative facts, and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate and will serve the purpose of 'trial convenience and economy in administration.'" De Figueiredo v. Trans World Airlines, Inc., 55 F.R.D. 44, 46 (S.D.N.Y. 1971). See also Sutcliffe Storage & Warehouse Co. v. U.S., 162 F.2d 849, 851 (1st Cir. 1947) (district court may consolidate actions to avoid duplication of "closely similar cases").

Here consolidation is proper because the cases involve the same core parties, the same core facts, and the same core issues of law. First, the cases involve the same parties. Both the

Plaintiffs are civilly committed residents at the MTC. Moreover, the major defendants in each case are the Superintendent of the MTC and the Commissioner of the DOC.[1] That Mr. Pentlarge chose to name additional office holders at the MTC is of no consequence, because his action, like the action of Mr. Healey, is primarily against the DOC. Moreover, Mr. Pentlarge's additional defendants would likely be witnesses in Mr. Healey's action; therefore, on a practical level, they would not be prejudiced by having to take part in Mr. Healey's case.

Next, both cases involve the same core facts surrounding the conditions of confinement at the MTC. For example, both complaints allege the following:

a. that the MTC is run as a prison, instead of as a secure mental health facility (Healey Compl., ¶¶ 20, 23; Pentlarge Compl., ¶¶ 13-46);

b. that the defendants do not provide adequate or effective treatment at the MTC (Healey Compl., ¶¶ 25-28, 44, 47; Pentlarge Compl., ¶¶ 59-68);

c. that the defendants are holding the Plaintiffs in conditions which are more restrictive than necessary to achieve the purpose of their commitment (Healey Compl., ¶ 21; Pentlarge Compl., ¶¶ 13-46, 82);

d. that the defendants are not providing a community access plan, as required by the court-approved Amended Management Plan ("Plan"), and as necessary for effective treatment (Healey Compl., ¶¶ 33, 44; Pentlarge Compl., ¶¶ 81, 82);

e. that the defendants are not providing a tiered privilege system, or any other form of classification system, to distinguish between residents who are at high risk of violence or escape and require high-security restrictive confinement, and residents

---

[1] Mr. Healey's case caption includes Michael T. Maloney. Because Mr. Maloney was sued in his official capacity, the present DOC Commissioner, Kathleen M. Dennehy, has taken Mr. Maloney's place as a defendant.

    who pose no risk of violence or escape and can have much less restrictive conditions of confinement (Healey Compl., ¶¶ 23, 45, Pentlarge Compl., ¶¶ 77-82); and

  f.    that the defendants have failed to provide educational, vocational, avocational and recreational programs that are an integral part of effective treatment and rehabilitation. (Healey Compl., ¶¶ 34 and 35, Pentlarge Compl., ¶¶ 18, 20-24, 34 and 35).

Next, the cases deal with virtually identical issues of law. Both cases turn on the extent to which M.G.L. c 123A, the Fourteenth Amendment and/or the Plan require that:

  a.    the MTC be run by the defendants as a mental health facility rather than as correctional facility or prison;

  b.    the defendants provide the Plaintiffs with treatment which substantially conforms to accepted professional practice and standards;

  c.    the defendants provide conditions of confinement which are the least restrictive necessary to achieve the purposes of confinement;

  d.    the defendants provide a functioning community access program;

  e.    the defendants provide a tiered system of privileges or other form of classification; and,

  f.    the defendants provide expanded educational, vocational, avocational and recreational programs as an integral part of treatment and rehabilitation.

Moreover, the DOC raises similar defenses, such as qualified immunity and res judicata, in both cases.

Next, consolidation of these two cases will result in convenience and judicial economy for the court and the parties. Mr. Healey is the only party that might be prejudiced due to his

action having already advanced further along than Mr. Pentlarge's action. Mr. Healey nonetheless desires that the cases be consolidated, in part because consolidation would afford Mr. Healey and his counsel, who are representing Mr. Healey in a pro bono capacity, substantial savings. For example, consolidation would help to defray the costs associated with expert witnesses.

Consolidation would benefit all the parties in Mr. Pentlarge's action because they could rely, to a large extent, on the discovery already conducted in Mr. Healey's action. Accordingly, consolidation would serve to speed the resolution of Mr. Pentlarge's case.

The defendants, on the other hand, simply can not point to any way in which consolidation would prejudice them. Any delay in resolving Mr. Healey's case is inconsequential because both of the defendants in Mr. Healey's case are also named in Mr. Pentlarge's action. If anything, consolidation will speed up Mr. Pentlarge's action and result in an overall quicker resolution of the DOC's litigation related to the conditions of confinement at the MTC.

In addition, consolidation would afford the DOC vast efficiencies. In the Healey action, the DOC has requested extensions because of time and workload concerns. (<u>See e.g.</u>, Defendants Second Motion To Extend Time To Respond To Plaintiff's Motion For A Protective Order, at ¶ 1) ("The Defendants seek the additional time due to their counsel's heavy workload…"). Consolidation of the two cases would substantially cut the DOC's defense costs and time commitments. In short, there exists no principled reason for the defendants to oppose consolidation.

## CONCLUSION

For all these reasons, Mr. Healey and Mr. Pentlarge respectfully request that Mr. Pentlarge's action be consolidated with Mr. Healey's action.

June 3, 2005                                            Respectfully Submitted,

| | |
|---|---|
| JEFFREY HEALEY, | JOEL PENTLARGE, |
| By his attorneys, | By his attorney |
| /s/ | s/John G. Swomley |
| _____ | _____ |
| John A. Houlihan (BBO No. 542038) | John Swomley (BBO No. 551450) |
| Joshua W. Gardner (BBO No. 657347) | Swomley & Associates |
| EDWARDS & ANGELL, LLP | 227 Lewis Wharf |
| 101 Federal Street | Boston, MA 02110 |
| Boston, MA 02110 | (617)-227-9443 |
| (617)-439-4444 | |

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, I, Joshua Gardner, certify that I attempted to reach counsel for the Defendants, Ms. Murray, by telephone on June 3, 2005 regarding this Motion, but her voice-mail message indicated she would be out of the office until June 6, 2005. In addition, Attorney Houlihan has spoken with Ms. Murray regarding this Motion. Ms. Murray indicated that the defendants would likely oppose the Motion.

/s/

_____
Joshua W. Gardner

## CERTIFICATE OF SERVICE

I, John G. Swomley, hereby certify that on the 3rd day of June, 2005, I caused a copy of the foregoing to be served by Fedex on defendants' attorney, Mary P. Murray, Counsel, Department of Correction, Massachusetts Treatment Center, 30 Administration Road, Bridgewater, Massachusetts 02324.

/s John G. Swomley

_____
John G. Swomley

BOS_consolidate.mem.DOC/JGARDNER