**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JEFFREY HEALEY,** | **CIVIL ACTION NO. 01-11099-NG** |
|         **Plaintiff,** | |
| | |
| **v.** | |
| | |
| **ROBERT MURPHY,** *et al.,* | |
|         **Defendants.** | |
| | |
| **and** | |
| | |
| **JOEL PENTLARGE,** | **CIVIL ACTION NO. 04-30177-PBS** |
|         **Plaintiff,** | |
| | |
| **v.** | |
| | |
| **ROBERT MURPHY,** *et al.,* | |
|         **Defendants.** | |

**OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

The Department of Correction ("DOC") Defendants in the above-captioned cases hereby oppose the Motion to Consolidate Cases filed by plaintiffs Jeffrey Healey and Joel Pentlarge.[1] For the reasons set forth below, the Court should deny this motion.

**RELEVANT FACTUAL BACKGROUND**

**A.      The Healey Action**

Plaintiff Jeffrey Healey, a/k/a Charles Healey, is civilly committed as a sexually dangerous person ("SDP"), to the Massachusetts Treatment Center ("Treatment Center").  See

---

[1]      Superintendent Robert Murphy and former Commissioner Michael Maloney are the currently named defendants in the Healey case, although it is expected that Healey will seek leave to replace Commissioner Maloney with Commissioner Kathleen Dennehy.  Superintendent Murphy, Commissioner Dennehy and the Department of Correction are the DOC Defendants in the Pentlarge case.  For ease of reference, they will be referred to collectively as the DOC Defendants.

G.L. c. 123A.  Through his court-appointed counsel, Healey has filed an Amended Complaint.
See Docket Entry No. 45.  Healey raises various constitutional claims, alleging violation of his
rights under the Due Process Clause and violation of the prohibitions against Double Jeopardy
and Cruel and Unusual Punishment.  See Healey Amended Complaint, ¶ 1.

Healey has sued only Commissioner Maloney and Superintendent Murphy and only in
their official capacities.  See Healey Amended Complaint, ¶¶ 3, 4.  He seeks various forms of
declaratory and injunctive relief, costs and attorneys' fees, but he does not seek money damages.
See Healey Amended Complaint, ¶¶ 48, 51, 55, 64.  Fact discovery has been completed in this
case.[2]

Reduced to its essence, Healey's Amended Complaint asserts that the DOC Defendants
have failed to abide by the Amended Management Plan approved by the Court in the federal
consent decree litigation. He seeks enforcement of the Amended Management Plan as a court
order (Count I), and as an enforceable agreement (Count II).  He claims that the DOC
Defendants have violated their obligations under the Amended Management Plan by, among
other things, decreasing the amount and/or quality of the sex offender treatment services,
including educational and vocational programs.  See, e.g., Healey Amended Complaint, ¶¶ 1, 20,
27, 28, 35.  He challenges the implementation of the disciplinary system and the operation of the
privilege system provided for under the Amended Management Plan.  See Healey Amended
Complaint, ¶¶ 23, 36.  He challenges the construction of an enclosed exercise area for use by
those SDP's held in the Minimum Privileges Unit.  See Healey Amended Complaint, ¶¶ 24, 46,

---

[2]      While still appearing *pro se*, Healey sought to consolidate his case with <u>Ronald DeWolfe v. Maloney, et al.</u>,
U.S.D.C. No. 01-11249-JLT.  See Docket Entry 18.  On February 11, 2002, the Court, U.S.M.J. Dein, denied this
motion without prejudice to renewal following a decision on defendants' motion to dismiss. By that same order, the
Court also denied Healey's motion to certify the case as a class action (docket entry 5), without prejudice to renewal
following a decision on defendants' motion to dismiss, which was later deemed moot due to the filing of the
Amended Complaint.  See id. and docket entry dated November 1, 2002.  Healey has not moved to renew either
motion since the appearance of his counsel in July, 2002.  See Docket Entry 38.

66-70. He claims that the DOC Defendants have failed to implement the unit management system contemplated by the Amended Management Plan. See Healey Amended Complaint, ¶ 29.

Healey specifically claims that the DOC Defendants have "failed to treat" his "psychological needs," are "withholding critical psychological treatment they know [he] needs," and are "withholding necessary medical treatment" from him. Healey Amended Complaint, ¶ 39. Healey claims that the DOC Defendants "are not providing [him] with the treatment necessary to cure the mental condition for which he was confined." Id. He claims that the DOC Defendants have violated the Eighth Amendment to the United States Constitution and have been deliberately indifferent by "withholding psychological care" from him. Healey Amended Complaint, ¶ 54. He claims that the DOC Defendants have breached their duty under state law and the Amended Management Plan to provide him with adequate treatment. Healey Amended Complaint, ¶ 61. He also claims that the construction of the enclosed exercise area violates the prohibition against cruel and unusual punishment. See, e.g., Healey Amended Complaint, ¶ 70.

**B.     The Pentlarge Action**

Plaintiff Joel Pentlarge is civilly committed as a sexually dangerous person to the Treatment Center. To date, he has filed five complaints (complaint, amended complaint, supplemental complaint, second supplemental complaint and third supplemental complaint). See Docket Entries 1, 4, 7, 44, 66. Pentlarge has sued Commissioner Kathleen Dennehy and Superintendent Robert Murphy in both their individual and official capacities. See Pentlarge Complaint, ¶¶ 4. 5. He has also named DOC as a defendant. See Pentlarge Complaint, ¶ 6. He has also sued Nataylia Pushkina and Deborah O'Donnell, who are or were employees of Forensic Health Services, Inc. ("FHS"), the company that contracts with DOC for the provision

of sex offender treatment services ("the FHS Defendants").  The FHS Defendants are represented

by separate counsel, Kevin Mulvey.  See Docket Entry 36.  Pentlarge seeks money damages as

well as declaratory and injunctive relief against Commissioner Dennehy and Superintendent

Murphy.  See, e.g., Pentlarge Complaint, Relief, p. 25, ¶ 1.  This case is in the preliminary

stages.  The DOC Defendants' motions to dismiss are scheduled for hearing on September 28,

2005.  No fact discovery has yet been undertaken.

In his various complaints, Pentlarge claims that he is not being held in conditions

constituting the "least restrictive" alternative.  Pentlarge Complaint, Count I.  Pentlarge

challenges the application of DOC's telephone regulations to him.  See Pentlarge Complaint,

Count II.  Pentlarge asserts a right to confidential sex offender treatment under state and federal

law and a violation of his Fifth Amendment right not to incriminate himself in sex offender

treatment.  See Pentlarge Complaint, Count III & ¶ 83.  He claims a violation of the Health

Insurance Portability and Accountability Act ("HIPAA").  See Pentlarge Complaint, Count IV.

He claims a lack of adequate sex offender treatment.  See Pentlarge Complaint, Count IV. He

claims a violation of the state conflict of interest law.  See Pentlarge Complaint, ¶ 68.  He claims

a violation of Department of Public Health regulations and the State Sanitation Code due to a

leaking roof on a particular housing unit.  See Pentlarge Complaint, Count VI, Pentlarge Second

Supplemental Complaint, Count X.  He challenges the practice of double bunking SDP's.  See

Pentlarge Complaint, Count VI.  He alleges a lack of a classification system.  See Pentlarge

Complaint, Count VII. He claims a denial of access to the courts, violation of his First

Amendment rights and interference with his mail.  See Pentlarge Supplemental Complaint,

Count IX; Pentlarge Second Supplemental Complaint, Count XI.  He claims that he has been

retaliated against for filing an appeal from a grievance.  See Second Supplemental Complaint,

Count XII.  He also claims an entitlement to a furlough to attend a funeral in the event that any of his family members dies while he remains committed to the Treatment Center.  See Supplemental Complaint, Count VIII; see also Pentlarge's Opposition to Motion to Dismiss, docket entry 67, pp. 38-39.

Pentlarge challenges wholesale the constitutionality of G.L. c. 123A on the ground that it is not narrowly tailored to further a legitimate and compelling governmental interest "as applied" to him and all other SDP's.  See Pentlarge Complaint, ¶ 86.  Pentlarge also apparently claims entitlement to relief under the American with Disabilities Act ("ADA").  While he has not made an ADA claim in any of his five complaints, he has raised the ADA both in his opposition to the DOC Defendants' motion to dismiss and in his motion for writ of habeas corpus.  See Docket Entries 67 (pages 1, 34-36), 84.  Pentlarge also challenges his classification while he was still serving a state prison sentence at MCI-Norfolk.  See Pentlarge Complaint, ¶ 77.

## ARGUMENT

### The Court Should Deny this Motion Because
### Consolidation Will Not Advance Judicial Economy.

Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all  [of] the matters in issue in the actions; . . . ."  Consolidation is a matter within the court's discretion.  The court may order actions to be consolidated when they involve common issues of law and fact and to avoid unnecessary costs and delay.  Maestri v. Westlake Excavating Co., 894 F.Supp. 573, 579 (N.D.N.Y. 1995).

Consolidation is appropriate where the cases involve common questions of fact or law and interests of judicial efficiency and consistency of opinions will be served.  See Morrison v. National Benefit Life Ins. Co., 889 F.Supp. 945, 951 (S.D.Ms. 1995); Continental Bank & Trust

- 6 -

Co. v. Platzer, 304 F.Supp. 228, 229 (S.D.Tex. 1969) (consolidation is "permitted as a matter of convenience and economy in judicial administration."). Common questions of law or fact are prerequisites to consolidation.  Id.; see Morrison, 889 F.Supp. at 951.

The mere presence of a common question, however, does not require consolidation. Continental Bank & Trust Co., 304 F.Supp. at 229. The court may refuse to consolidate actions where the proposed consolidation would not lead to a sufficient saving of judicial resources when balanced against any inconvenience, delay or confusion arising from the consolidation of the two actions.  See Continental Bank & Trust Co., 304 F.Supp. at 29-30; Kelly v. Kelly, 911 F.Supp. 66, 69 (N.D.N.Y. 1996) ("Where there is a common question of fact or law, cases may be joined in the interests of efficiency, but consolidation is by no means a necessity").

Thus, the Court first looks to the presence of a common question of fact or law.  The Court then weighs the costs and benefits of consolidation to determine whether it is appropriate. If these steps are resolved in favor of consolidation, then consolidation will normally be allowed unless the opposing party shows "demonstrable prejudice."  In re PRI Automation, Inc. Securities Litigation, 145 F.Supp.2d 138, 140 (D. Mass. 2001).  The circumstances present here weigh against consolidation.

While there is some overlap in that Healey and Pentlarge broadly challenge DOC's operation of the Treatment Center in areas such as the alleged failure to confine them under the "least restrictive" conditions, the adequacy of treatment and the status of the Community Access Program, they raise several distinct claims.  Healey essentially claims that DOC has failed to comply with the Amended Management Plan. Pentlarge's claims are far more wide-reaching, involving allegations of a right to confidential sex offender treatment, a claim under HIPAA and, apparently, an emerging theory of recovery under the ADA.  Pentlarge challenges the operation

of the Treatment Center as compared to MCI-Norfolk, a level four correctional facility.  He

challenges the application of DOC's telephone, property and mail regulations to him.  He raises

specific instances of alleged violations of his rights with respect to telephone access, incoming

non-privileged mail, access to the courts and retaliation. Pentlarge challenges his classification

while still serving his criminal sentence, before his SDP commitment and transfer to the

Treatment Center.  See  Pentlarge Complaint, ¶ 77.  These claims, to the extent that they

withstand a motion to dismiss in Pentlarge's case, necessarily involve different proof than

Healey's claims.

        Even the claims that overlap will require different factual proof.  Healey and Pentlarge

challenge the adequacy of the treatment for the mental conditions that led to their civil

commitments. These claims, however, do not involve common questions of fact.  Resolution of

these claims necessarily involves consideration of each plaintiff individually, such as the nature

of each plaintiff's mental condition, the treatment provided, the need for continuing treatment,

the knowledge and state of mind of the defendants, etc.  Consolidation will not expedite

resolution of these distinct factual claims.

        Further, the plaintiffs present with different theories of recovery.  Healey essentially

seeks enforcement of the Amended Management Plan.  In contrast, Pentlarge essentially seeks to

eviscerate the Amended Management Plan and to do away with the Amended Management

Plan's application of DOC's telephone, visiting, property and mail regulations to SDP's.  See,

e.g., Pentlarge's Opposition to Motion to Dismiss, p. 62.  While the DOC Defendants have raised

a defense of res judicata in both cases, Pentlarge has argued that he is not similarly situated to

those SDP's (like Healey) who were civilly committed under the pre-1990 version of G.L. c.

123A.  See Pentlarge's Opposition to Motion to Dismiss, pp. 53-57.  The DOC Defendants have

raised other defenses with respect to Healey that will not necessarily apply to Pentlarge. For example, the DOC Defendants have asserted a statute of limitations defense against Healey. Likewise, the DOC Defendants have asserted a defense of unclean hands against Healey. Even if the DOC Defendants assert a similar defense against Pentlarge, the evidence will necessarily differ for each plaintiff.

While Healey and Pentlarge suggest that consolidation will "benefit all the parties in Mr. Pentlarge's action because they could rely, to a large extent, on the discovery already conducted in Mr. Healey's action," that conclusion is not self evident. Notably, the plaintiffs do not suggest that Pentlarge will not seek to depose Commissioner Dennehy or Superintendent Murphy or that he will refrain from serving interrogatories or document requests. The DOC Defendants' conduct of discovery in the Healey case was limited to Healey's claims. The DOC Defendants will, of course, seek to conduct discovery of Pentlarge with respect to any claims that withstand the DOC Defendants' motion to dismiss. Thus, there would appear to be little meaningful savings of time or effort in terms of fact discovery. Extensive fact discovery has already been completed in the Healey case. Fact discovery has yet to begin in the Pentlarge case. In this way, this case is dissimilar from a case where consolidation might have some meaningful effect on limiting duplicative discovery. In a case involving the method by which a company valued stock, for example, it may well make good sense to consolidate claims brought by two plaintiffs who are stockholders. In such a case, discovery already had by one plaintiff challenging the methodology by which the stock was valued may well eliminate the need for the other plaintiff to repeat that discovery. That is not the case here. Thus, the plaintiffs have failed to show that consolidation will result in a sufficient savings of judicial time to warrant consolidation.

Further, there is a risk of prejudice to the DOC Defendants.  The plaintiffs are seeking different outcomes.  Healey seeks enforcement of the Amended Management Plan while Pentlarge essentially seeks elimination of the Amended Management Plan, at least in so far as it permits DOC to apply its various regulations to him.  It is difficult to conceive how these approaches could be harmonized in the presentation of evidence to a single jury.  Further, Healey and Pentlarge have sued the DOC Defendants in different capacities. Healey has sued Superintendent Murphy and Commissioner Maloney in only their official capacities while Pentlarge has sued Superintendent Murphy and Commissioner Dennehy in both their official and individual capacities.  Healey and Pentlarge also seek different relief.  Healey seeks only declaratory and injunctive relief (along with costs and attorneys' fees), while Pentlarge seeks monetary damages as well as declaratory and injunctive relief (along with costs and attorneys' fees).  The different relief sought will necessarily involve different proof.  The introduction of this different proof may well lead to confusion of the jury and prejudice to the DOC Defendants.

While there is some overlap in these actions, there are significant differences in (1) the nature of all claims and the requested relief; (2) the stages of the litigation; (3) the capacities in which the DOC Defendants are sued; (4) the relief sought and the proof required for such relief; and (5) each plaintiff's proof about the alleged deficits in the available treatment for *his* particular mental condition.  These critical differences, both standing alone and paired with the lack of meaningful judicial savings and the risk of prejudice to the DOC Defendants, weigh against consolidation.  For these reasons, the Court should decline to consolidate these actions.

## CONCLUSION

For the foregoing reasons, the Court should deny the plaintiffs' motion to consolidate these cases.

- 10 -

DEFENDANTS ROBERT MURPHY AND
MICHAEL T. MALONEY

DEFENDANTS ROBERT MURPHY,
KATHLEEN DENNEHY, AND DEPARTMENT
OF CORRECTION,

Respectfully Submitted,
By Their Attorneys,

NANCY ANKERS WHITE
Special Assistant Attorney General

by:     /s/ Mary P. Murray
        Mary P. Murray, Counsel
        Department of Correction
        Massachusetts Treatment Center
        30 Administration Road
        Bridgewater, Massachusetts 02324
        Telephone:  (508) 279-8184
        Facsimile :  (508) 279-8181
        BBO Number 555215

Dated: September 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I did this day serve a photocopy of the above document, by first class mail, postage pre-paid, upon counsel of record as follows:

John A. Houlihan, Esquire            John G. Swomley, Esquire
Edwards & Angell LLP                 Swomley & Associates
101 Federal Street                   227 Lewis Wharf
Boston, MA  02110                    Boston, MA  02110

Kevin Mulvey, Esquire
Mulvey & Sneider, LLP
1622A Beacon Street
Brookline, MA 02446-2201

                                     /s/ Mary P. Murray
                                     Mary P. Murray

Dated:  September 23, 2005