UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action  No. 1:01-cv-11099-NG and 1:04-cv-30177-NG

JOEL PENTLARGE,

    Plaintiff,

vs.

ROBERT MURPHY,  et al,
    Defendants

PLAINTIFF'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION ON MOTION OF
DEFENDANTS PUSHKINA AND  O'DONNELL TO DISMISS

The plaintiff Joel Pentlarge objects to the Report and Recommendation for dismissal of all claims against the defendants Pushkina and O'Donnell.

The defendants Pushkina and O'Donnell, librarians at the Nemansket Correctional Center, moved pursuant to Rule 12(b)(6) to dismiss the claims of the plaintiff against them under 42 U.S.C. § 1983 for violation of his civil rights.  The Report and Recommendation is for allowance of this motion to dismiss as to the "librarian" defendants.  The basis of the plaintiff's objection is as follows.

The plaintiff in his complaint argued that the Library defendants violated his right to substantive due process of law under the Fourteenth Amendment by failing to provide the plaintiff with least restrictive access to the law library, by failing to treat him more considerately, when he was civilly detained and committed, than he was treated as a prisoner, and by failing to provide him with the least restrictive alternative in terms of limitation of his First Amendment right to access to the press and to the courts.

1

Complaint, ¶¶ 16-19, and Amended Complaint, ¶¶ 95-109. The plaintiff in his memorandum of law opposing the motion to dismiss pointed out that:

> "All of the cases cited by the defendants in support of their motion to dismiss are prison cases. None of them address the "more considerate" treatment that the plaintiff is entitled to as a civilly committed person. *Youngberg v. Romeo,* 457 U.S. 307, 324 (1982). Nor do these cases cited by the defendants indicate what the least restrictive conditions should be for the plaintiff with regard to copier access, or the extent to which access to a copier is required to provide the plaintiff with the most integrated setting appropriate to his needs.

Plaintiff's Memorandum of Law in Opposition to the Motions to Dismiss of all of the Defendants, p. 37.

The Report and Recommendation fails to apply the correct legal standards of least restrictive alternative and more considerate treatment in assessing whether the library defendants violated the plaintiff's First Amendment rights to access to the courts and to freedom of expression. See *Youngberg, supra; Reno v. American Civil Liberties Union,* 521 U.S. 844, 874 (1997); or *Turner Broadcasting System v. FCC,* 520 U.S. 180, 188 (1997). Effectively the Report and Recommendation ratifies treating civilly committed persons exactly the same or worse than prisoners, and it erroneously applies a the standard for assessing violation of the First Amendment which only applies to prisoners, i.e. *Lewis v. Casey,* 518 U.S. 343, 351-52 (1996), when for all other First Amendment cases state interference with free speech is subject to exacting scrutiny, especially when the speech itself is directed to the process of governing. In such a case the state has the burden of showing a compelling interest to justify the restriction and that the restriction is "closely drawn to avoid unnecessary abridgement." *First National Bank v. Bellotti,* 435 U.S. 766, 786 (1978). Because the librarian defendants engaged in prior restraint of the plaintiff's free speech, there is a heavy presumption that this was unconstitutional.

2

*New York Times v. United States,* 403 U.S. 713, 714 (1971).

The Report draws the inference that because this case has been filed and is progressing that the plaintiff has suffered no injury. Report, p. 7. However, the actions of the library defendants have substantially delayed the plaintiff in prosecution of this complaint. Each day of delay was a day spent enduring harshly punitive conditions in violation of the plaintiff's constitutional rights.

Finally the Report and Recommendation does not address the requirements of the Americans with Disabilities Act to provide the plaintiff with the most integrated setting appropriate to his needs in terms of library access.

Because of the foregoing errors of law the plaintiff objects to the Report and Recommendation, and requests that the motion of the Library Defendants to Dismiss, pursuant to Rule 12(b)(6) be denied.

Dated at Northampton, March 14, 2006.

        Joel Pentlarge, Plaintiff
        By his attorney,

        /s/Harry Miles_____
        Harry Miles, Esq.
        Green, Miles, Lipton and Fitz-Gibbon
        77 Pleasant St.
        P.O. Box 210
        Northampton, MA 01061-0210
        Voice: 413.586.8218
        Fax:   413.584.6278
        BBO#:   345800

CERTIFICATE OF SERVICE

I, Harry Miles, hereby certify that on the 14th day of March, 2006, I served a copy of this pleading upon all counsel of record by filing it electronically.

        /s/ Harry Miles_____