UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFERY HEALEY,
    PLAINTIFF

v                                         DOCKET # 01-11099NG

ROBERT MURPHY, et al.,
    DEFENDANTS

and
JOEL PENTLARGE, and
EDWARD GIVEN,
    PLAINTIFFS

v                                         DOCKET # 04-30177NG

ROBERT MURPHY, et al.,
    DEFENDANTS

    PRO SE PLAINTIFF'S MOTION
    FOR STORAGE LOCKER

    Now comes the pro se Plaintiff, Edward Given, in the above-entitled matter who respectfully moves this Honorable Court to issue an order to Defendant Robert Murphy to supply the pro se Plaintiff with

a second metal footlocker for the purpose of storing documents related to this action to be placed in what is known as the "Resource Room" on the Plaintiff's housing unit (B-2) where the Plaintiff will have easy and continuous access to the legal material, and to further order the Defendant Robert Murphy to replace all equipment and martials removed from the "Resource Room" on May 14, 2008. In support thereof the pro se Plaintiff states.

1) The pro se Plaintiff, Edward Hiven, is a civilly committed person at the Nemansket Correctional Center in Bridgewater and is in the Direct Custody of the Defendant Robert Murphy.

2) That due to the complexity of this case, and the ever growing number of

documents, (now docketed at more than 180) the Plaintiff requires additional space for storage in order to comply with Prison (EMPHASIS ADDED) policy of having one (1) cubic foot of legal storage within his cell.

3) That on or about May 6, 2008 the pro se Plaintiff filed a similar motion which was denied Without Prejudice by this Honorable Court on June 23, 2008.

4) That by ordering that the Defendants replace all of the equipment and research materials which the Defendants removed from the "Resource Room" on May 14, 2008 (see affidavits) will somewhat compensate for the Defendants continuous closing of the Nemansket Correctional Center's Library.

5) That the ever growing

4

number of days that the acting (EMPHASIS ADDED) property officer is reasigned or removed from the property department due to issues arising from being under staffed, it is nearly impossible to say with any certainty when or if the Plaintiff would be able to gain access within a reasonable amount of time.

6)  That having storage in the "Resource Room" would not create any security issues whereas until May 14, 2008 there was a substantial of materials stored and accessed from the "Resource Room" on B-2 unit. see attachment #1

7)  That the pro se Plaintiff having a metal footlocker for the storage of documents related to this litigation **would not** (EMPHASIS ADDED) create any issues of preferential treatment among the Plaintiff's housing unit B-2

residents. see ~~attachments~~ affidavits

Wherefore, for the above stated facts, the pro se Plaintiff prays this Honorable Court will grant his motion and issue an order that the defendants are to provide a metal footlocker for storage of documents related to this litigation. The Plaintiff further prays this Honorable Court will issue an order for the defendants to replace all equipment and research/resource material they removed from the "Resource Room" on May 14, 2008.

Respectfully Submitted,

Edward Given

EDWARD GIVEN, pro se          7-10-08
30 ADMINISTRATION RD
BRIDGEWATER MA 02324